EMORY J. BISHOP, Respondent, *v.* AGRICULTURAL INSURANCE COMPANY, of Watertown, N. Y., Appellant.

A party to a contract, containing a provision that it shall not be modified or changed, except by a writing signed by him, may by conduct estop himself from enforcing the provision against a party who has acted in reliance upon such conduct. He may also be estopped by the acts of an agent who possesses, or whom he has held out to possess, his power in respect to the provision.

A policy of fire insurance issued by defendant contained a clause that in case of disagreement as to amount of loss, the same shall be ascertained by two appraisers, the insured and defendant each selecting one, who were to select "a competent and disinterested umpire." The policy also contained a condition requiring proofs of loss to be furnished within sixty days after the fire, also a provision that the company should not be held to have waived any provision or condition of the policy or the forfeiture by any act, requirement or proceeding on its part relating to an appraisal. In an action upon the policy it appeared that the property insured was destroyed by fire October 15, 1887. Defendant was notified, and on October twenty-first its general agent and adjuster called on plaintiff; they not agreeing as to the amount of loss, entered into a written agreement appointing appraisers; the agent at the time stated to plaintiff that proofs of the loss need not be furnished as the damages would soon be settled. On November twenty-eighth the appraiser appointed by plaintiff declined to act. On December twenty-second plaintiff telegraphed L., the appraiser appointed by defendant, that he

had secured another appraiser.  L. appointed December thirtieth for making an appraisal.  At that date the name of N., the new appraiser, was inserted in the agreement by L.  The two appraisers failed to agree, and G. as the jury found refused to agree upon a "disinterested umpire." *Held*, that the condition as to proofs of loss was waived; and that plaintiff was entitled to recover.

(Argued December 21, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action upon a policy of insurance issued by the defendant to plaintiff upon his barn and contents.

October 15, 1887, the plaintiff's barn and its contents were destroyed by fire, at which time the property was insured by the defendant for $3,100, under a policy known as "Standard Fire Insurance Policy of the State of New York."

October seventeenth, the plaintiff gave personal notice of the loss to Samuel E. Clark, defendant's local agent, who effected the insurance, and requested him to inform the defendant of the fire, which he agreed to do, and immediately did. On the twenty-first of that month, Addice E. Dewey, defendant's general agent and adjuster, called on the plaintiff pursuant to the notice, and had an interview about settling the loss.

The plaintiff testified, and in this he was not disputed, that the liability of the defendant was not denied, the only controversy being over the value of the property destroyed, which it was agreed should be appraised pursuant to the following provision in the policy: "In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the

award, in writing, of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expenses of the appraisal and umpire."

The plaintiff and the defendant, by its general agent and adjuster, on that day entered into a written contract, of which the following are the material parts:

"It is hereby agreed by Emory J. Bishop, of West Barre, of the first part, and the Agricultural Insurance Company, of Watertown, New York, of the Second part, that David I. Langworthy, together with Charles H. Headley (with a third person, to be appointed by them before the appraisal, who shall umpire on matters of difference only), shall appraise and estimate, at the actual cash value, the damage by fire on the 15th day of October, 1887, to the property belonging to said Emory Bishop as specified herein, which appraisement or estimate by them, or any two of them, in writing, as to the amount of such loss or damage, shall be binding on both parties; it being understood that this appointment is without reference to any other question or matter of difference within the terms and conditions of the insurance, and is of binding effect only as far as regards the actual cash value of, or damage to, such property."   *   *   *   "returning said damage in the form of a detailed statement and in accordance with this agreement."

The plaintiff selected Charles H. Headley and the defendant David I. Langworthy for appraisers.

November fourth, Langworthy called on Headley at Medina, a village ten miles from the plaintiff's residence, for the purpose of first selecting an umpire, and then going to the scene of the fire and appraising the value of the property destroyed. Headley, being on that day engaged in a law suit, declined to proceed with the business, but agreed that he would on some day thereafter. Langworthy and defendant's local agent then called on the plaintiff at his home, and made some investigation into the value of the property destroyed. Nothing further was done until November twenty-eighth, when Headley wrote

Langworthy declining to act as an appraiser, and thereupon the latter wrote that fact to the plaintiff and requested the selection of another.    December twenty-second the plaintiff telegraphed Langworthy that he had secured another appraiser, and asked when he would make the appraisal.    Thereupon Langworthy appointed December thirtieth, pursuant to which he met the plaintiff at Medina, and Alderson Nixon was selected in the place of Headley and his name inserted in the written agreement.    Nixon and Langworthy separated on that day without agreeing upon an umpire.    Nothing further was done in the matter until January 24, 1888, when Langworthy inquired of Nixon by letter, why he had not heard from him, and suggested that the matter should be closed up.    February 6, 1888, proofs of loss sufficient in form and substance were served on the defendant, but were rejected on the sole ground that they were not served within sixty days after the fire.

February twenty-third Langworthy again wrote Nixon suggesting that the appraisal should be closed, but, hearing nothing, again wrote on March twelfth, insisting on the same thing. April fourth Langworthy met Nixon at Medina, and suggested different persons to act as umpire.    On that day Nixon informed Langworthy that he had been directed by the plaintiff not to correspond with him, and that he should have nothing further to do with making an appraisal.

Further facts are stated in the opinion.

*A. H. Sawyer* for appellant.    The defendant's motion for a nonsuit should have been granted upon the ground that no proofs of loss were served upon the defendant within the sixty days required by the conditions of the policy, and that the time to serve such proofs of loss was never extended by the company in writing.    (Laws of 1886, chap. 488; *Avery* v. *Ward*, 150 Mass. 160; Laws of 1887, chap. 429; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 id. 278; *Catoir* v. *Ins. Co.*, 33 N. J. L. 487; *Hankins* v. *R. Ins. Co.*, 70 Wis. 1; *Kyte* v. *Ass. Co.*, 144 Mass. 43; *McIntyre* v. *Ins. Co.*, 52 Mich. 188; *Cleaver* v. *Ins. Co.*, 65 id. 527;

*Enos* v. *Ins. Co.*, 67 Cal. 621.) The defendant's motion for a nonsuit should have been granted upon the ground that an appraisal of the property destroyed by the fire was required, pursuant to the terms of the policy, by the defendant, and that no such appraisal had been had, and that the loss, therefore, was not due or payable when this action was commenced. (*D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250, 263; *Scott* v. *Avery*, 5 H. L. Cas. 811; *Davenport* v. *L. I. Ins. Co.*, 10 Daly, 535; *United States* v. *Robeson*, 9 Pet. 319; *Byron* v. *Low*, 109 N. Y. 291; *Altman* v. *Altman*, 5 Daly, 436; *Whitman* v. *Mayor, etc.*, 21 Hun, 117; *O. S. L. & D. Co.* v. *C. U. Ass. Co.*, 66 Cal. 253; *Wolf* v. *L. & L. & G. Ins. Co.*, 50 N. J. L. 453; *Hudson* v. *McCartney*, 33 Wis. 331.) It was the duty of the plaintiff, seeking the enforcement of the contract of insurance, to show that everything had been done on his part which could be done to secure an appraisal of the loss and damage, and until he had shown this, in the absence of such appraisal, he cannot maintain an action under the contract. (*United States* v. *Robeson*, 9 Pet. 319, 327; *Davenport* v. *L. I. Ins. Co.*, 10 Daly, 535; *Altman* v. *Altman*, 5 id. 436.) The evidence in this case did not warrant the submission to the jury of the question of whether the defendant, or Langworthy, the appraiser nominated by the defendant, acted in bad faith and prevented the carrying out of the appraisal; and the charge of the court, that if Langworthy was acting in a captious manner with a determination not to agree upon anything, but to prevent an appraisal, then the plaintiff will not fail to recover so far as that branch of the case is concerned, was error. (*Whittaker* v. *D. & H. C. Co.*, 49 Hun, 400, 405; *Kelly* v. *Frazier*, 27 id. 314; *Weahle* v. *Haviland*, 42 How. Pr. 399, 409; *Benedict* v. *Johnson*, 2 Lans. 94; *Hamilton* v. *T. A. R. R. Co.*, 53 N. Y. 27; *Pollock* v. *Pollock*, 71 id. 137, 140; *Mason* v. *Lord*, 40 id. 477, 484; *Halpin* v. *P. Ins. Co.*, 118 id. 165.)

*S. E. Filkins* for respondent. The power to adjust is the power to settle. Dewey's power to adjust the loss includes

the power to consent to the postponement of the service of
the proofs of loss until after the negotiations for settlement
of the loss have failed. (*Goodwin* v. *M. M. L. I. Co.*, 73 N.
Y. 480, 490, 492; *Smith* v. *H. Ins. Co.*, 14 N. Y. S. R. 106,
114; *Kenyon* v. *K. T. & M. A. A. Co.*, 122 N. Y. 262; 2
Wood on Ins. [2d ed.] 1016; 85 N. Y. 283.) The acts and
declarations of Dewey and of Clark, both general agents of
the company, estop it from setting up as a defense the failure
of plaintiff to serve his proofs of loss in the sixty days. (*Stil-
well* v. *M. L. Ins. Co.*, 72 N. Y. 385; *Underwood* v. *F. J. S.
Ins. Co.*, 57 id. 500; *Goodwin* v. *M. M. L. I. Co.*, 73 id. 481;
*Smith* v. *H. Ins. Co.*, 14 N. Y. S. R. 112; *N. Y. & N. H.
R. R. Co.* v. *Schuyler*, 34 N. Y. 68, 69; *Titus* v. *G. F. Ins.
Co.*, 81 id. 410, 418, 419; *Prentice* v. *K. L. Ins. Co.*, 77 id.
483; *Leslie* v. *K. L. Ins. Co.*, 63 id. 27, 33; *Dilleber* v. *K.
Ins. Co.*, 76 id. 567, 572, 573; *Brink* v. *H. Ins. Co.*, 80 id.
112; *Van Schorck* v. *N. F. I. Co.*, 68 id. 434; *Mock* v. *R.
G. Ins. Co.*, 35 Hun, 75; *Stern* v. *N. F. Ins. Co.*, 89 N. Y.
315; *Pickner* v. *Ins. Co.*, 65 id. 207.) The last provision of
the policy applies only to such waivers as might otherwise
be made by agreement by the agents or officers of the
company. (2 Wood on Fire Ins. 1183.) The motion to
nonsuit the plaintiff on the ground that no appraisal of the
property has ever been had, though required by the terms
of the policy, was properly denied. (*Urhig* v. *W. C. F.
Ins. Co.*, 101 N. Y. 365; *Mark* v. *N. F. Ins. Co.*, 91 id.
663; 13 Hun, 611; 39 id. 44; 17 N. Y. 491, 496; 35
Barb. 602; 39 N. Y. 377; 5 id. 422; *Crossly* v. *C. F. Ins.
Co.*, 27 Fed. Rep. 30; *C. U. Ass. Co.* v. *Hocking*, 115 Penn.
St. 407; 6 Cent. Rep. 915; 8 Allen, 589; *Gray* v. *Wilson*,
4 Watts, 41; *Mentz* v. *A. F. Ins. Co.*, 29 P. F. S. 480; *Hos-
tetter* v. *City of Pittsburg*, 11 Ont. 419.) The knowledge of
Smith, the sub-agent, whom Clark sent to look at the barn and
property of the former fire, was the knowledge of the com-
pany. (*Smith* v. *H. Ins. Co.*, 14 N. Y. S. R. 106, 109, 110;
47 Hun, 30; *Wyman* v. *P. M. L. J. Co.*, 119 N. Y. 274;
*Kenyon* v. *K. T. & M. A. A. Co.*, 122 id. 262; *Messleback*

v. *Norman A. C.*, Id. 578.) No forfeiture arises from the non-service of proofs of loss within the sixty days. (*Meeyer* v. *K. L. Ins. Co.*, 73 N. Y. 516 ; *Wyman* v. *P. M. L. Ins. Co.*, 119 id. 274 ; *Helme* v. *P. L. J. Co.*, 61 Penn. St. 107 ; 2 Herman on Estoppel, § 762 ; *Hyatt* v. *Clark*, 118 N. Y. 563 ; *Stillwill* v. *M. L. Ins. Co.*, 72 id. 385, 392 ; *In re Cooper*, 93 id. 207, 512 ; *Underwood* v. *Ins. Co.*, 57 id. 500; *Brink* v. *H. F. Ins. Co.*, 80 id. 108, 112 ; *Goodwin* v. *M. M. L. Ins. Co.*, 73 id. 480, 496 ; 1 Wood on Ins. 929 ; Pars. on Cont. 45 ; Herman on Est. § 1208 ; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410–418 ; *Robey* v. *A. C. Ins. Co.*, 120 id. 510–517.)

FOLLETT, Ch. J. But three of the many issues raised by the pleadings were contested at Circuit : (1) Did the defendant unreasonably, and in bad faith, refuse to agree on an impartial person to act as umpire ? (2) Is the defendant estopped by its conduct from asserting as a defense the fact that plaintiff failed to serve proofs of loss within sixty days ? (3) The value of the property destroyed. The only questions argued in this court arise on the first and second of these issues, and are presented by the motion for a nonsuit made at the close of the plaintiff's evidence, renewed at the close of the evidence, by a motion to direct a verdict for the defendant, and by the exceptions to the charge and refusals to charge. The original agreement naming the appraisers was drafted by the general agent of the defendant, was signed by him in behalf of the company, and by the plaintiff, on the 21st of October, 1887, and was delivered to the defendant's agent and taken away by him. December thirtieth, Langworthy produced the appraisal contract at Medina, erased Headley's name, and inserted Nixon's in its place. On this occasion Langworthy named three persons, any one of whom he would accept as umpire, all of whom were unknown to the plaintiff and Nixon, and they were unwilling to accept of either. Nixon selected several persons whom he was willing to accept, but the two appraisers separated without agreeing upon an umpire, and they never reached an agreement. Langworthy would not accept of any

person selected by Nixon, and Nixon would not of either of the three suggested by Langworthy.  On the trial, considerable evidence was given tending to show that the persons selected by Langworthy had been frequently employed by insurers as appraisers and umpires, and it was insisted that the defendant, through its appraiser, Langworthy, refused to agree upon " a disinterested umpire."   If this was true, the fact that an appraisal had not been made was not a defense to the action. (*Uhrig* v. *Williamsburgh City Fire Ins. Co.*, 101 N. Y. 362.) This question of fact was submitted to the jury under conservative instructions, and was found for the plaintiff.  It cannot be said that there is no evidence in the record which tends to sustain this branch of the verdict.   There was no error in the refusal of the court to charge in substance that the defendant was not bound by whatever Langworthy did, or failed to do, in respect to the selection of an umpire.   Langworthy was the nominee of the defendant, and he owed a duty to select an umpire, and if he improperly neglected this duty, the consequences cannot be charged to the plaintiff.   Under the evidence the court was not required to charge that Langworthy did not represent the defendant in the conduct of the appraisal.

Among other provisions contained in the policy, is a clause that the assured shall furnish proofs of loss to the insurer within sixty days after the fire, as is provided in lines 67 to 80 inclusive in the " Standard Fire Insurance Policy of the State of New York."

It is also prescribed by the Standard Policy: " This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for ; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required ;" and it is now insisted that the defendant, not having waived in

writing the performance of the stipulation, that proofs of loss should be furnished in sixty days, that no recovery can be had on the policy. A party to a contract, containing a provision that it shall not be modified or changed except by a writing signed by him, may by conduct estop himself from enforcing the provision against a party who has acted in reliance upon the conduct, and so the acts of an agent, who possesses the power of the principal, or who has been held out by the principal to possess his power, in respect to the provision alleged to have been altered or changed, may also estop his principal. (*Messelback* v. *Norman,* 122 N. Y. 578 ; *Underwood* v. *Farmers' Joint Stock Ins. Co.,* 57 N. Y. 500.) December 30, 1887, more than seventy days after the fire, the parties entered into a contract in writing to submit the question of the amount of the loss to appraisement, which was a waiver of the provision in the policy, that proofs of loss must be furnished within sixty days. The evidence warrants the inference that this contract to submit the amount of loss to appraisers was continually in the hands of defendant, from the date October twenty-first, when first executed, until the time of the trial, and that the negotiations were not unknown to it. In addition, the plaintiff and his wife testified without objection that when the general agent and appraiser of the defendant called to settle the loss and executed the appraisal agreement, he said that proofs of loss need not be furnished, as the damages would be soon appraised and settled. This was denied by the general agent. The plaintiff also testified without objection that defendant's local agent, who issued the policy, also told him after the fire that it would be unnecessary to furnish proofs of loss. This the local agent denied, but these issues were submitted to the jury and found for the plaintiff. Under such circumstances the question whether the defendant had waived the presentation of proofs of loss was properly submitted to the jury as a question of fact.

It may be remarked in passing that no defense on the merits was presented to the jury, the payment of the policy being resisted solely on the grounds that an appraisement had not

been had, and formal proofs of loss had not been served within the time limited by the policy.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.