ADELBERT G. SERGENT, Appellant, v. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, Respondent.

1. FIRE INSURANCE — REQUIREMENTS FROM INSURED AFTER LOSS. When the liability of a fire insurance company has become fixed by the capital fact of loss within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification.

2. PROVISION AS TO PROOFS OF LOSS — ESTOPPEL. A fire insurance company which has issued a policy providing that the insured shall file proofs of loss within sixty days, and that no officer, agent or other representative of the company shall have power to waive any condition, except by indorsed agreement, may, by conduct, estop itself from enforcing such provision against one who has acted in reliance upon such conduct; and it may also be estopped by the act of an agent who possesses, or whom it has held out to possess, this power in respect to the provision. Where there is evidence tending to prove either or both of these points it is error to take the case from the jury.

Sergent v. London & L. & G. Ins. Co., 85 Hun, 31, reversed.

(Argued March 7, 1898; decided March 22, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered March 1, 1895, affirming a judgment in favor of defendant entered upon a nonsuit granted at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew G. Washbon* for appellant. When a policy is issued with full knowledge on the part of the underwriter of

facts in direct conflict with the statements on the same subject in the application, it is reasonable to assume that there was no intention to insist upon the condition or claim a forfeiture under it. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 396; *Forward* v. *C. Ins. Co.*, 142 N. Y. 382.) The nonsuit was erroneously granted. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 394.) The court erred in excluding the letter from the agent Thomas to plaintiff dated October 31, 1892. (*Day* v. *D. H. Ins. Co.*, 81 Me. 244.) Any agreement, declaration or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. (*Kenyon* v. *K. T. & M. M. A. Assn.*, 122 N. Y. 261; *Kiernan* v. *D. C. M. Ins. Co.*, 150 N. Y. 190; *Sharpe* v. *M. M. Ins. Co.*, 8 App. Div. 354; *Weber* v. *G. F. Ins. Co.*, 16 App. Div. 599; *Trippe* v. *P. F. Society*, 140 N. Y. 28; *McGuire* v. *H. F. Ins. Co.*, 7 App. Div. 575; *Bishop* v. *A. Ins. Co.*, 130 N. Y. 488; *Craighton* v. *A. Ins. Co.*, 39 Hun, 319; May on Ins. § 465; *Van Allen* v. *F. J. S. Ins. Co.*, 10 Hun, 397; 72 N. Y. 604; *Ralli* v. *White*, 20 Misc. Rep. 637.) The defendant is bound by the acts of the adjuster Sheives. (*Forward* v. *C. Ins. Co.*, 142 N. Y. 389; *Arff* v. *S. F. Ins. Co.*, 125 N. Y. 57; *Kuney* v. *A. Ins. Co.*, 36 Hun, 66; *Roe* v. *D. H. Ins. Co.*, 149 Penn. St. 94.) It was a question for the jury to determine whether or not there was an adjustment, and also a waiver of any breach of warranty, or formal proofs of loss. (*Smith* v. *G. F. Ins. Co.*, 62 N. Y. 85; 27 Am. Rep. 597, 601; *Craighton* v. *A. Ins. Co.*, 39 Hun, 319; *Smaldone* v. *Ins. Co. of N. A.*, 15 App. Div. 232.) If the company disclaimed all liability for the reasons assigned, then under the well-settled rules of law the plaintiff was under no obligation to furnish proofs of loss. (*Hicks* v. *B. A. Assur. Co.*, 13 App. Div. 444; *Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281; *Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 286.)

*Charles D. Thomas* for respondent. The exceptions to the court's exclusion of the contents of a telegram sent by Thomas to the plaintiff, and to the court's refusal to permit to be read in evidence a letter from C. D. Thomas to the plaintiff, dated October 31, 1892, present no error. (*Bush* v. *W. F. Ins. Co.,* 63 N. Y. 531; *Frankfurter* v. *H. Ins. Co.,* 10 Misc. Rep. 157.) The nonsuit was properly granted. (*Inman* v. *W. F. Ins. Co.,* 12 Wend. 452; *Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 356; *Brown* v. *L. Assur. Corpn.,* 40 Hun, 101; *Blossom* v. *L. F. Ins. Co.,* 64 N. Y. 162; *Bell* v. *L. Ins. Co.,* 19 Hun, 238; *Armstrong* v. *A. Ins. Co.,* 130 N. Y. 560; *Koller* v. *G. A. Ins. Co.,* N. Y. L. J., Jan. 31, 1893; *Rademacher* v. *G. Ins. Co.,* 75 Hun, 83; *Hill* v. *L. Assur. Corpn.,* 30 N. Y. S. R. 539; *Weed* v. *L. & L. Ins. Co.,* 116 N. Y. 106; *Paltrovitch* v. *P. Ins. Co.,* 68 Hun, 304; *Walker* v. *P. Ins. Co.,* 35 N. Y. Supp. 374.)

BARTLETT, J. This is an action upon the usual standard policy of fire insurance which covered a cheese factory and contents in Otsego county.

The action has been twice tried. On the first trial the plaintiff recovered a judgment which was reversed by the General Term and a new trial ordered. The present appeal is after the second trial.

The principal question is whether the defendant has, under the facts as disclosed, waived the service of the proofs of loss within sixty days after the fire or is estopped from pleading that they were not duly served.

There is a further question in the case. It seems to be conceded that the factory stood upon leased ground and had not been operated for nearly a year preceding the fire. The plaintiff introduced evidence tending to prove that at the time he made application for the policy he disclosed these facts to the local agent of the defendant.

At the close of plaintiff's case defendant's counsel moved to "nonsuit the plaintiff generally upon the whole case; that he has failed to establish by evidence a cause of action against the defendant."

The trial court granted this motion. Whereupon the plaintiff duly excepted and moved as follows : " I ask to go to the jury in this case upon all the questions — upon the question as to whether Sheives did not have authority to go there and adjust this loss, and whether the plaintiff was not excused from serving his proofs of loss within sixty days, having been put off his guard by declarations of Mr. Sheives, and all the other questions in this case." This request was denied and the plaintiff duly excepted.

The question we are called upon to determine is whether there was evidence enough to carry the case to the jury. The fire occurred in the night of August 22, 1892. On the twenty-fourth of that month plaintiff notified the local agent of the fire by letter. The agent at once replied as follows : " I am in receipt of yours of the 24th, and have advised the company of the loss. As soon as I am notified when the adjuster is coming, I will write you and shall expect you to meet him."

Three days later the agent again wrote the plaintiff, as follows : " I am in receipt of a letter from the insurance company saying they will send an adjuster here within a few days. Please send me a complete list of all the personal property, covered by the terms of your policy, which was in the factory at the time of fire, together with your estimate of the value or what you will claim from the company. From this I can make your proofs of loss and have them ready to sign when the adjuster reaches here. Please do this at once."

The plaintiff testified that he immediately complied with this request. On the thirtieth of August one Sheives called upon the plaintiff and represented himself as acting on behalf of the defendant. As to just what took place on that day in the examination of the premises and the appraisal of the property destroyed, there is a sharp conflict in the evidence as between Sheives and the plaintiff.

The plaintiff states, in substance, that Sheives represented he was an adjuster for defendant and went on and measured the foundations, and took from him a description of the

building, and estimated its value after a conference; that he requested plaintiff to make out a list of personal property destroyed, placing thereon his valuations, which were afterwards a matter of discussion between them. The valuations of Sheives were adopted finally as to the real and personal property.

Plaintiff further swears that Sheives stated that he would, send this list to the company; that he was sorry that Mr. Thomas, the local agent, was not there, and that the matter could all be fixed up; that it would not be necessary for plaintiff to write the company any more about it; that plaintiff would hear from the company within ten days, and he thought the loss would be paid within sixty days; that if plaintiff did not hear from the company within ten days he would know the loss would be paid.

It is true that Sheives denies that he went there as an adjuster; he also denies many of the statements that plaintiff said he made. He also swore that, in conversation with the plaintiff, he ascertained that the building stood upon leased ground, and that it had been vacant for a year prior to the fire, whereupon he told plaintiff that under such circumstances the defendant would not be liable. The plaintiff contradicts this conversation.

It is to be noted in this connection that, in the first letter of the defendant's agent after the fire, addressed to the plaintiff,. he agreed to notify him when an adjuster would come, and, several days later, the agent wrote the plaintiff that the adjuster would be there in a few days. A week after the fire Sheives called on plaintiff, and the latter swears, as already pointed out, that Sheives stated he was the adjuster of the defendant. The plaintiff also testified that when he sent to the local agent the list of the property covered by the policy, with his estimate of value, he supposed that this was all that was necessary for him to do in making out proofs of loss, as. the agent promised to do it.

It further appears that the plaintiff and his counsel made a

trip to New York city within sixty days after the fire, called at the general office of the company, and were referred to a man in the loss department who said that Mr. De Camp, the local special agent, was in charge of the matter, and that he supposed the loss had been paid.

In this connection it becomes material to consider one of the plaintiff's exceptions as to the rejection of evidence. Plaintiff's counsel offered in evidence a letter addressed to himself by C. D. Thomas, the local agent, dated October 31st, 1892, which was objected to as incompetent, irrelevant and immaterial; as a personal declaration of the writer long after the liability, if any, of the company had been fixed by his performing the conditions of the policy. The objection was sustained and an exception taken.

The letter read, in part, as follows: "I am in receipt of yours of the 26th, and I would advise you to forward formal proofs of loss to the Insurance Company in case they have not already paid the amount of loss, which you are entitled to recover from them. I am certainly not responsible for the amount. I regret that you and the adjuster were not able to close the matter up when he was there. I should have come down with him, but was obliged to go to Richfield Springs to attend a law suit. * * *"

We are of opinion that the rejection of this letter was error, as it strongly corroborated plaintiff's statement that Sheives came to him as an adjuster of the defendant. Furthermore, as the sixty days had expired some week or ten days before this letter was written, it was proof tending to show that the company were calling for proofs of loss after the time when they were due under the terms of the policy.

It was also proved that after the expiration of sixty days the plaintiff made out formal proofs of loss, sent them to the company and they were not returned.

In view of this conflicting evidence, we are of opinion that it was error to refuse plaintiff's request to go to the jury. It was for the jury to determine, after considering these facts, whether the defendant had waived the formal filing of the

proofs of loss within sixty days after the fire, or estopped itself, by conduct calculated to mislead the plaintiff, from pleading that they were not duly served, or raising any other questions under the provisions of the policy.

It is well settled that when liability has become fixed by the capital fact of loss within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389, 398.)

While it is true that the policy in suit contained the usual clause as to proofs of loss being filed within sixty days, and that no officer, agent or other representative of the company should have power to waive any condition thereof, except by written agreement indorsed thereon, yet, a party to a contract containing such a provision may, by conduct, estop himself from enforcing it against one who has acted in reliance upon such conduct. He may also be estopped by the act of an agent who possesses, or whom he has held out to possess, this power in respect to the provision. (*Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488.)

On this appeal the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given, and to every legitimate inference warranted by the proofs. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389.)

An examination of all the evidence in the light of this rule leads to the conclusion that the plaintiff should have been allowed to go to the jury.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

All concur, except GRAY, J., dissenting, and MARTIN, J., not sitting.

Judgment reversed, etc.