AMELIA C. SMALDONE, Respondent, *v.* THE PRESIDENT AND DIRECTORS OF THE INSURANCE COMPANY OF NORTH AMERICA OF PHILADELPHIA, PENNSYLVANIA, Appellant.

FIRE INSURANCE — WAIVER OF SERVICE OF PROOFS OF LOSS. An agent of a fire insurance company, authorized to adjust the amount of a loss and empowered to negotiate any settlement of the claim of the insured and to pay and discharge it, is, under such circumstances, a general agent. and his waiver of service of proofs of loss will bind the company, although such waiver was not indorsed upon the policy as therein required.

*Smaldone* v. *Ins. Co. of N. A.*, 22 App. Div. 633, affirmed.

(Argued March 23, 1900; decided May 1, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 10, 1897, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel S. Hatt* for appellant.   The furnishing of proofs of loss, as required by this policy, was a condition precedent to plaintiff's right of recovery.   (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411 ; *Blossom* v. *L. F. Ins. Co.*, 64 N. Y. 162 ; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356.)   Under the limited and restricted power upon agents as to waiving any condition of the policy, the trial court erred in allowing plaintiff to show the oral waiver by Scotland as to the service of proofs of loss and appraisal.   (*Messelback* v. *Norman*, 122 N. Y. 583 ; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356 ; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219 ; *Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547.)   The trial judge erred in charging the jury that Scotland stood in the place of the company, and that if the jury found that he stated that plaintiff need not file proofs of loss it was a waiver of the terms of the policy in that regard by the company.   (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356 ; *O'Brien* v. *P. Ins. Co.*, 134 N. Y. 28 ; *Blossom* v. *L. F. Ins. Co.*, 64 N. Y. 165 ; *Armstrong* v. *A. Ins. Co.*, 130 N. Y. 560 ; *Moore* v. *H. F. Ins. Co.*, 141 N. Y. 219 ; *Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547 ; *Mason* v. *H. Ins. Co.*, 37 U. C. [Q. B.] 437 ; *Q. Ins. Co.* v. *Young*, 5 South. Rep. 117 ; *Norman* v. *Ins. Co.*, 4 Ins. L. J. 827 ; *Michael* v. *Eley*, 61 Hun, 180.)

*T. F. Hamilton* for respondent.   Stipulations which relate to procedure merely, after the occurrence of a loss, are to be reasonably and not rigidly construed.   (*Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73.)   An insurance company may orally waive the service of proofs of loss.   (*Lowry* v. *L. Ins. Co.*, 32 Hun, 329 ; *Craighton* v. *A. Ins. Co.*, 39 Hun, 319 ; *Smith* v. *H. Ins. Co.*, 47 Hun, 30 ; *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 411.)   Defendant specifically waived the condition in the policy requiring the submission of the proofs of loss.   (*Kiernan* v. *D. C. M. Ins. Co.*, 150 N. Y. 190.)   Defendant is estopped from enforcing the provision in the policy requiring the insured to present written proofs of loss.   (*Aldrich* v. *H. Ins. Co.*, 20 Wkly. Dig. 70 ; *Bishop* v. *A. Ins. Co.*,

130 N. Y. 488 ; *Sharpe* v. *M. M. Ins. Co.*, 8 App. Div. 354 ; *McGuire* v. *H. F. Ins. Co.*, 7 App. Div. 576 ; *P. Ins. Co.* v. *Munger*, 49 Kans. 178 ; *Ide* v. *P. Ins. Co.*, 2 Biss. 333 ; *S. Ins. Co.* v. *Fay*, 22 Mich. 467 ; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349 ; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389 ; *G. El. Co.* v. *L. & L. & G. Ins. Co.*, 159 N. Y. 418.)

CULLEN, J.   The action is brought on a standard fire insurance policy, and the only question raised on this appeal is as to the power of an agent sent by the defendant to adjust the loss to waive the provision of the policy requiring the service of proofs of loss.   This agent was not only authorized to adjust the amount of the loss, but, as appears by his own testimony, was empowered to negotiate any settlement of the claim of the insured on the policy and to pay and discharge such claim.   Shortly after the occurrence of the fire, and before the expiration of the time within which it was necessary to serve the proofs of loss, the agent, in his negotiations with the plaintiff's assignor and his attorney, absolutely repudiated any liability on the part of the defendant, claiming that the premises insured were vacant in contravention of the terms of the policy, though he seems to have been willing to have settled with the insured if he could do so for a sufficiently small sum.   The parties could not agree on the amount to be paid, when, as testified by the plaintiff's witnesses and as found by the jury, the agent told the attorney for the insured that he did not want him to file proofs of loss or have appraisers appointed, but that he might " go on and sue as soon as you wish to."   The defendant requested the court to instruct the jury that the agent had no power to waive the requirement for service of the proofs of loss unless it was indorsed upon the policy.   This request was refused and the court charged the jury that if the agent waived the service of the proofs of loss and the appointment of appraisers his act bound the defendant.

We think that this ruling of the trial court was correct.   It is not necessary to review the many cases to be found in this

state on the power of agents to waive the conditions or requirements of insurance policies. There is no necessary inconsistency in the decisions of this court on the subject. The determination of the question depends on the rank and authority of the agent and the subject-matter with reference to which he assumes to act. We have recently held (*Hicks* v. *British Am. Ass. Co.*, 162 N. Y. 284) that a local agent authorized to issue policies could not, by his declarations or acts, waive the provision of a policy that proofs of loss must be furnished. The agent in this case, however, was not a local agent, but was vested with plenary powers to adjust the defendant's liability and pay any claim that might be made against it. As to the matter in hand, he was a general agent, not a special agent or one with limited authority, and could do whatever the company itself might do. It is unquestionable that he could have paid the loss without the production of any proofs of loss; equally, he could repudiate all liability on the part of the defendant and waive the proofs of loss or appointment of appraisers. The question seems settled by the late decision of this court in *Sergent* v. *Liverpool & L. & G. Ins. Co.* (155 N. Y. 349, 355), where it is said through BARTLETT, J., that " While it is true that the policy in suit contained the usual clause as to proofs of loss being filed within sixty days, and that no officer, agent or other representative of the company should have power to waive any condition thereof, except by written agreement indorsed thereon, yet, a party to a contract containing such a provision may, by conduct, estop himself from enforcing it against one who has acted in reliance upon such conduct. He may also be estopped by the act of an agent who possesses, or whom he has held out to possess, this power in respect to the provision." In that case the court followed its previous decision in *Bishop* v. *Agr. Ins. Co.* (130 N. Y. 488).

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.