(63 App. Div. 280.)

### SULLIVAN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department.   July 25, 1901.)

INSURANCE—WAIVER OF LIMITATION—RETENTION OF PROOFS OF LOSS.

The acceptance and retention by the insurance company of proof of loss, the policy, and the assignment thereof to plaintiff, are sufficient to raise the question of fact as to the waiver of the limitation provision of the policy, and to authorize a finding for plaintiff.

Appeal from trial term, Westchester county.

Action by Amelia Sullivan against the Prudential Insurance Company of America.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William O. Campbell, for appellant.
Joseph T. Magee, for respondent.

GOODRICH, P. J.   The action is brought upon a policy of life insurance issued by the defendant to one Patrick J. McGuinness, dated February 5, 1894, and assigned to the plaintiff on March 21, 1894.   McGuinness died on April 3, 1895.   Proofs of death, the policy, the assignment to the plaintiff, and a book containing receipts and payments on said policy from February 5, 1894, to April 8, 1895, were delivered to the company, and have ever since been retained by it.   The policy contained the following clause:

"Eighth. No suit or action at law or in equity shall be maintainable with respect to the payment of this policy until after the filing in the principal office of the company of the above-mentioned proof of death, nor unless such suit or action shall be commenced within six months next after the decease of the person insured under this policy; and it is expressly agreed that, should any such suit or action be commenced after the expiration of said six months, the lapse of time shall be deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

An action upon the policy was commenced by the plaintiff on October 3, 1895, in which an order was made on October 28th, vacating the service of the summons as unauthorized and void.   Subsequently, and on December 26, 1895, and more than six months after the death of the insured, this action was commenced.   At the close of the testimony the plaintiff asked for the direction of a verdict, and the defendant moved for a dismissal, on the ground that the claim was outlawed.   The court directed a verdict for the plaintiff, and the defendant appeals to this court.

The motions made by the respective counsel compel the assumption that there was no question of fact to be submitted to the jury, and the only question which we are called upon to determine is whether there was evidence of a waiver by the defendant of the limitation clause of the policy.   The only evidence of such waiver is the receipt and retention by the defendant of the papers above enumerated.   In Dougherty v. Insurance Co., 3 App. Div. 313, 38

N. Y. Supp. 258, this court, Mr. Justice Hatch writing, said (pages 315, 316, 3 App. Div., and page 259, 38 N. Y. Supp.):

"The action was not begun within this time. But plaintiff gave evidence to establish that defendant retained the proofs of loss and her other papers until after the six months had expired, before they returned them to her or rejected her claim. Defendant denied this, claiming that it had rejected the claim, notified plaintiff of its rejection, and returned her papers within the six months. Upon this testimony the court submitted the question to the jury whether defendant retained possession of the papers, as claimed by plaintiff, and, if so, did such act upon their part amount to a waiver of this provision of the policy, charging that both facts must be found in plaintiff's favor before she was entitled to recover. The evidence warranted the submission, and the form of it was unexceptionable. The jury found in favor of plaintiff, and, unless some error occurred upon the trial, the judgment appealed from must be affirmed. It is claimed that the testimony of Siegrist, defendant's agent, is uncontradicted that he notified plaintiff of the rejection of the claim by the company as early as August 17, 1893. If this be true, it does not work the result claimed by defendant. It still retained possession of her policy and papers. It might well be that it rejected the claim, but it would not follow from that, as a conclusive proposition, that it intended to insist upon its short statute of limitations. Plaintiff was in no position to bring her action until she was possessed of the policy and papers; they were essential in order to prepare her complaint. It would be most reprehensible for defendant to withhold her papers,—the evidence of her right to prosecute an action,—and then insist that she had notice of the rejection of the claim, and was absolutely concluded thereby unless she acted before the end of the six months. Good faith required that her papers be returned as soon as defendant had acted thereon. Returning the policies after this event, and then insisting upon this short statute of limitations, ought not to receive favor at the hands of the court. It has too much the earmarks of an intention to create a condition where the limitation may be availed of."

In Sergent v. Insurance Co., 155 N. Y. 349, 350, 49 N. E. 935, 937, the court said:

"It is well settled that when liability has become fixed by the capital fact of loss within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification. McNally v. Insurance Co., 137 N. Y. 389, 398, 33 N. E. 475."

The defendant's counsel contends that Arthur v. Insurance Co., 78 N. Y. 462, 34 Am. Rep. 550, is authority against the maintenance of this action. That case holds that the commencement of the first action and its successful defense does not estop the company from insisting that the second cannot be maintained because commenced too late, but this does not shake the authority of the cases above cited upon the question of waiver. Admittedly, the evidence of waiver in the present action was slight, consisting only of the acceptance and retention by the company of the papers; but within the authorities such acceptance and retention are sufficient to raise a question of fact as to the waiver of the limitation provision of the policy, and the court decided that question, as it could properly do, in favor of the plaintiff. The judgment should be affirmed, with costs. All concur.