In the Matter of the Claim of MARY A. McConvey, Respondent, against C. J. Donovan Haas Company, Respondent, and Zurich General Accident & Liability Insurance Company, Ltd., Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Award reversed and claim dismissed, as against the insurance carrier, with costs to the insurance carrier against the State Industrial Board, on the ground that a compromise was made in an action against a third party without the written consent of the insurance carrier (*Matter of O'Brien* v. *Lodi*, 246 N. Y. 46; *Matter of Beekman* v. *Brodie, Inc.*, 249 id. 175), and that there is no proof of waiver or estoppel through the act of an authorized agent or of knowledge brought home to the principal. Van Kirk, P. J., Hinman and Davis, JJ., concur; Whitmyer, J., dissents and votes for affirmance; Hasbrouck, J., dissents and votes for affirmance, with an opinion.

HASBROUCK, J. (dissenting). Claimant's husband, an employee of the C. J. Donovan Haas Company, on June 5, 1926, while going from his office to the bank in the city of Buffalo to make a deposit, was injured by a car of the international Railway Company which injury resulted in his death. Claim for compensation was filed with the Industrial Board August 9, 1926. Notice of election to sue the International Railway Company was filed with the Board

September 17, 1926. Suit was brought and a compromise for $2,500 was consummated January 31, 1928. It did not amount to as much as the compensation; and under the terms of the notice to sue the railway company, the claimant pursued her remedy for the deficiency before the Industrial Board. (Workmen's Compensation Law, § 29.) ■ The employer furnished its written consent long after the compromise had been effected. The insurance carrier never gave its written consent to the compromise to the claimant. The reason assigned by her is that the carrier waived the securing of such consent. On the part of the carrier, Canty, its investigator and adjuster, negotiated with the claimant regarding the third party action, " concurred " in the bringing of it, took the " position " that she should bring it and compromise it and stated to her that " if you receive your settlement then notify us about the compensation and we  *  *  *  they [the carrier] will take out whatever you receive  *  *  *  and your compensation goes on from that time.". Accepting such direction of the carrier the claimant sued. The contention of the carrier is that it would be entirely unlikely that it would consent to a compromise without knowing the amount of it; that as a matter of fact it knew nothing of that compromise until the hearing before the Board on June 5, 1928. But it did know that the claimant retained a lawyer, Robert Lawless, and that they had retained the firm of Ward, Flynn, Spring & Tillou as attorneys; that they were lawyers of high standing and that a verdict might be had in excess of any death benefit under the Workmen's Compensation Law. Canty admits an interview with the claimant on September 22, 1926. The Industrial Board has found that the conversation then had embodied the terms testified to by the claimant and that the carrier is estopped from disclaiming its representation upon which the claimant relied and acted. This court is bound by such finding. (Workmen's Compensation Law, § 20.)▮ It is apparent from the fact found that the claimant was committed to the pursuit of the compromise without obtaining the carrier's written consent. It is further apparent that she will have been greatly prejudiced if she shall lose compensation under the Workmen's Compensation Law, because of her failure to secure such consent. To countenance such a result would be to place a premium on unfair dealing. The carrier appellant claims it did not deal unfairly with the plaintiff, that it was not bound by the statements found by the Board to have been made by Canty, because Canty had no power to make the statements — to represent it. It is admitted Canty was the employee of the carrier. He describes his functions as those of an adjuster. Such an agent in insurance parlance has the power to fix the amount of the liability of the insurer and is a general agent. (Smaldone v. President & Directors of the Insurance Company of North America, 162 N. Y. 580; Brigham v. Ocean Accident Co., 212 id. 615.) In encouraging claimant to bring the third party action and in stating the " position " of the company the power of an adjuster is revealed. The condition precedent to obtaining compensation under the Workmen's Compensation Law after a compromise in a third party action is that of obtaining the written consent of the carrier. Where a party having an opportunity to comply with such a condition is induced by the conduct of another to omit compliance and is prejudiced by having done so, he

should be estopped from asserting such omission. (40 Cyc. 257; *Underwood* v. *Farmers' Joint Stock Ins. Co.*, 57 N. Y. 500, 505; *Marine Iron Works* v. *Wiess*, 148 Fed. 145.) In deciding the case the Industrial Board relied upon *Beekman* v. *Brodie* (249 N. Y. 175). It holds that the carrier was not bound by the waiver of the employer, saying: " The insurance carrier was not bound by such waiver. Its own written consent or waiver thereto was necessary to avoid it." In the case at bar the estoppel and waiver of the carrier have been found. The principle involved is that of estoppel. It needs no consideration to support it. (*Titus* v. *Glens Falls Insurance Co.*, 81 N. Y. 410; *Benninghoff* v. *Agricultural Insurance Co.*, 93 id. 495; *Lowry* v. *Lancashire Insurance Co.*, 32 Hun, 329; *Sergent* v. *Liverpool & London & Globe Insurance Co.*, 155 N. Y. 349; *Bishop* v. *Agricultural Insurance Co.*, 130 id. 488; *Brigham* v. *Ocean Accident Co.*, 212 id. 615. I vote for the affirmance of the award.