POSNICK-NONAS COMPANY, INC., Appellant, v. NATIONAL SURETY COMPANY, Respondent.

First Department, December 5, 1930.

*Harris Jay Griston* of counsel [*Cohn & Lipkowitz*, attorneys], for the appellant.

*Sidney J. Loeb* of counsel [*Leon M. Prince* with him on the brief; *Prince & Loeb*, attorneys], for the respondent.

PER CURIAM. The plaintiff is endeavoring to recover on a policy of burglary insurance. It claims that the premises in which its business was conducted were burglarized. The defendant is contesting the fact that there was a burglary and also contends that the plaintiff failed to file a proof of loss.

On the trial it was established that on March 31, 1922, the plaintiff notified the insurance company of the loss which occurred on March 30, 1922; that the defendant acknowledged receipt of that notification. In the letter notifying the defendant of the loss the plaintiff's brokers said: " Kindly advise us who will represent you in the settlement of the loss."

In addition to the written acknowledgment of that letter by the defendant it was established that a few days later the defendant sent a man named D. Gordon to investigate the loss.

The plaintiff offered evidence to show that Gordon was the adjuster for the defendant with power to settle and adjust the claim; that he had so acted with reference to another loss between the same parties; that he not only acted as adjuster but settled such other loss with the plaintiff. It was admitted that the proof of loss was not filed with the company as provided in the contract. The

plaintiff contends, however, that such filing was waived; that the proof of loss was delivered to Gordon at Gordon's request and that the company acted upon such proof of loss so delivered and waived the filing of same with the company. These were all questions of fact for the jury.

In *Sergent* v. *Liverpool & London & Globe Ins. Co.* (155 N. Y. 349) the court said: " While it is true that the policy in suit contained the usual clause as to proofs of loss being filed within sixty days, and that no officer, agent or other representative of the company should have power to waive any condition thereof, except by written agreement indorsed thereon, yet, a party to a contract containing such a provision may, by conduct, estop himself from enforcing it against one who has acted in reliance upon such conduct. He may also be estopped by the act of an agent who possesses, or whom he has held out to possess, this power in respect to the provision."

The court dismissed the complaint at the close of plaintiff's case. We think that was error. The several questions of fact should have been submitted to the jury.

The judgment and order should, therefore, be reversed, with costs, and a new trial ordered.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and SHERMAN, JJ.

Judgment and order reversed, with costs, and a new trial ordered.