BALDWIN'S BANK OF PENN YAN, Plaintiff, *v.* THE FARMERS' RELIANCE MUTUAL INSURANCE COMPANY OF CHEMUNG, SCHUYLER AND YATES COUNTIES, STATE OF NEW YORK, Defendant.*

Supreme Court, Yates County, September 23, 1933.

* Revd., 241 App. Div. 798.

244

John E. Sheridan, for the plaintiff.

Olin T. Nye, for the defendant.

CUNNINGHAM, J. The plaintiff was the applicant for the insurance policy and the application and the policy contained a statement that the building was " occupied by the applicant as a private family residence." The defendant now seeks to avoid the policy because the premises were occupied by a tenant of plaintiff. The agent who wrote the insurance was informed that the plaintiff intended to lease the premises.

In view of the fact that the plaintiff is a banking institution, I believe that under the terms of the policy as written that the premises might be occupied by a tenant of the plaintiff. However, as plaintiff has asked that the policy be reformed so as to conform to the understanding of the parties, such relief will be granted. (New York Auction Co. v. U. S. Fidelity & Guaranty Co., 260 N. Y. 186; Bible v. John Hancock Mutual Life Ins. Co., 256 id. 458; Graham v. Home Ins. Co., 204 App. Div. 103.)

A dwelling house on the farm owned by plaintiff was insured with defendant, when that house burned on May 23, 1932. On the same date the president of plaintiff notified the defendant in writing of such loss.

The by-laws of defendant provide that after notice has been received by the secretary of loss by fire, he shall appoint one director from each of the counties as an adjusting committee, and name the time and place of the meeting for estimating the amount of loss and damage. The adjusting committee, if there appear to be any unjust claim or false statement, may require the party making such statement to appear before them and may call other witnesses. The adjusting committee is required to visit the place of the fire, to examine the loss and take proofs and may require the insured

to answer all questions under oath. As soon as practicable, the adjusting committee shall report to the president their recommendation, who shall submit the same to the directors for action.

An adjusting committee was appointed in this case and called upon the president of the plaintiff and asked him the way to the premises where the fire had occurred. He offered to go with them but they said they could find it without his aid. The committee thereafter did visit the premises although they knew at the time they called upon the president that the building was a total loss.

Even though the policy does provide for proofs of loss to be rendered within sixty days, I believe that such proofs of loss are not required until after the adjusting committee has made its report. It was the usual practice of the company not to require proofs of loss unless the adjusting committee failed to make a settlement with the insured.

This provision of the policy must be given a liberal construction. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116, 130.)

Although the president of plaintiff in his letter to defendant had asked that they inform him what further was necessary to be done, and although at the end of the conference the adjusting committee had made the same request, the defendant did not notify him of the action of the adjusting committee.

It is undisputed that when the adjusting committee left the office of the president, it was still performing its duties as provided by the by-laws for the settlement of plaintiff's claim. The members proceeded to the scene of the fire and verified what they already knew, that the house insured was totally destroyed.

Fair dealing would seem to require that when the adjusting committee has taken action or made a report, the insured should be given notice thereof so that it might take steps to protect itself.

It was not until August 10, 1932, after the sixty days had expired, that the defendant notified plaintiff of the necessity of filing proofs of loss, and on August 12, 1932, notified plaintiff of a meeting of the board of directors to be held on August sixteenth. On the latter date the plaintiff filed formal proofs of loss.

An insurance company may waive the filing of formal proofs of loss. (*Aisenson* v. *National Cas. Co.*, 262 N. Y. 480.)

It must be held that under the circumstances the defendant is estopped from claiming that the proofs of loss were not filed within sixty days and that the proofs of loss filed by plaintiff were filed within a reasonable time after notice to do so. (*Sergent* v. *Liverpool & L. & G. Ins. Co.*, 155 N. Y. 349; *Glazer* v. *Home Ins. Co.*, 190 id. 6.)

It was the custom of the defendant to furnish blanks to the insured to make out a statement of loss. Failure to furnish such

blanks to the plaintiff may be considered upon the question of estoppel. (*Grattan* v. *Metropolitan Life Ins. Co.*, 80 N. Y. 281.)

The plaintiff insured the farm house with defendant, paid premiums thereon regularly when due and has suffered a loss by fire. There has not been any fraud or any undue delay. The defendant has not been misled, has had full knowledge of the fire and of the amount of loss and there is no reason why it should not pay as provided in its policy.

Judgment may be entered in favor of the plaintiff for the sum of $1,882.03, the amount of loss as stipulated upon the trial, with costs.