STEINBERG et al. v. BOSTON INS. CO. et al.

(Supreme Court, Appellate Division, First Department. April 21, 1911.)

1. INSURANCE (§ 608*)—ACTION ON POLICY—NATURE.
    A complaint setting up an insurance policy, alleging performance of conditions on plaintiff's part, except as waived by defendant, and an adjustment of a loss under the policy by adjusters appointed by the respective parties pursuant to the provisions of the policy, presented a cause of action on the policy, and not on the adjustment.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1517, 1519; Dec. Dig. § 608.*]

2. INSURANCE (§ 574*)—ADJUSTMENT OF LOSS—EFFECT.
    An adjustment of loss by appraisers under the terms of the policy does not impair the force and effect of the policy.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1430–1432; Dec. Dig. § 574.*]

3. INSURANCE (§ 574*)—FIRE INSURANCE—PROOF OF LOSS—ADJUSTMENT.
    Where a fire policy provided for the adjustment of any loss by appraisers, the adjustment was conclusive evidence of loss, in absence of fraud therein.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1430–1432; Dec. Dig. § 574.*]

4. INSURANCE (§ 615*)—FIRE INSURANCE—ACTION—DEFENSES—FRAUD IN PROCURING ADJUSTMENT.
    Since one may defend an action based on an agreement on the ground of fraud in procuring it, without having it set aside in equity, a fire insurance company, in an action on a policy in which plaintiff relied on an adjustment of loss by appraisers to show actual damage, could defend on the ground of fraud in procuring the adjustment, without first having it set aside for fraud.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1532; Dec. Dig. § 615.*]

Appeal from Trial Term, New York County.

Action by Isaac Steinberg and another against the Boston Insurance Company and another. From a judgment for plaintiffs, and an order denying a new trial, the insurance company appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Horace L. Cheyney, for appellant.
Max L. Schallek, for respondents.

MILLER, J. This is an action upon a policy of fire insurance. The plaintiffs pleaded the policy, performance of conditions upon their part, except as waived by the defendant, and the adjustment of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

loss pursuant to the terms of the policy by adjusters appointed by the respective parties. In its answer, the appellant alleged as a separate defense that its adjuster was induced to agree upon the adjustment by the plaintiffs falsely representing that the lowest bid received by them for repairing the damage was in excess of the sum of $12,000. Upon the trial, the plaintiffs relied upon the adjustment for proof of the loss. The appellant undertook to prove the alleged fraudulent representations by an examination of one of the plaintiffs; but the evidence was excluded, on the ground that the action was upon the policy, not upon the agreement of adjustment, and that the answer had raised no issue as to the actual loss sustained. As a matter of fact, the plaintiffs had alleged that their loss was $12,000, and the answer denied it.

[1] While counsel apparently think that the case turns on whether the action is deemed to be on the policy or the agreement of adjustment, we entertain no doubt that the action is on the policy. Cases like Smith v. Glen's Falls Insurance Co., 62 N. Y. 85, and Brown v. Hartford Fire Insurance Co., 117 Mass. 479, in which agreements in compromise or settlement were made, have no application. The policy in this case provided for an adjustment of loss by appraisers. The loss was adjusted in that way, but the policy still remained in full force and effect.

[2] The plaintiffs recovered upon it, by proving the adjustment, without being put to proof of the actual loss; the adjustment, in the absence of proof of fraud, being conclusive evidence of the loss. It is possible that it was unnecessary for the plaintiffs to plead the adjustment. If so, it was unnecessary for the appellant to plead fraud in avoidance of it. In such case, upon proof of it being made, the appellant could avoid it by proof that it was procured by fraud. However, the plaintiffs did plead it, and the appellant sufficiently pleaded that it was procured by fraud. We think that there can be no question but that, under such circumstances, the appellant was entitled to give evidence in support of its claim of fraud. If such claim were established, it would destroy the evidence upon which the plaintiffs relied to prove damage.

[3] It was not necessary for the appellant first to have the adjustment set aside. Where one is induced by fraud to enter into an agreement, he may be entitled to the aid of equity to have it canceled; but, when it is made the basis of an attack against him, he may, without resorting to equity, defend on the ground of fraud. Bosley v. National Machine Co., 123 N. Y. 550, 25 N. E. 990; Mead v. Bunn, 32 N. Y. 275.

[4] We think, therefore, that, when the plaintiffs sought to establish their loss by proof of the adjustment, the appellant was entitled to overcome its effect by proving, if it could, that it was procured by fraud.

It follows that the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.