JOSEPH FIRESTONE, Respondent, *v.* MIROTH CONSTRUCTION COMPANY, INC., Appellant, Impleaded with ABRAHAM BROCHES and Others, Defendants.

First Department, February 26, 1926.

Mortgages — foreclosure — equitable estoppel — mortgage contained clause allowing mortgagee to declare whole amount due after twenty days' default in payment of installment — good defense that mortgagor agreed within twenty days after default to extend time and that tender was made within extended period.

In an action to foreclose a mortgage which contained a provision that the mortgagee might declare the whole amount due twenty days after default in payment of an installment, it is a good defense that the mortgagee agreed within twenty days after default occurred to extend the time of payment and that a tender of the installment was made within the extended period; it would be contrary to equity and good conscience to allow the mortgagee after misleading the mortgagor to declare the whole amount due.

APPEAL by the defendant, Miroth Construction Company, Inc., from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 26th day of August, 1925, granting plaintiff's motion for judgment on the pleadings.

*Hyman Grill,* for the appellant.

*Louis Pressman,* for the respondent.

MARTIN, J.  This is an action to foreclose a mortgage on real property made by the defendant Miroth Construction Company, Inc., to secure the payment of the sum of $5,000 to J. A. M. Construction Co., Inc.  The mortgage provides that the sum of $250 and interest shall be paid on July 29, 1924, and a like sum and interest " quarter-annually " thereafter until April 29, 1927, when the balance shall become due.  It also provides that, in the event of the default by the mortgagor in the payment of any installment of principal or interest for twenty days, the entire amount remaining due shall become due and payable at the option of the mortgagee.

After its execution the mortgage was assigned to one Rose Frankel and subsequently assigned by her to the plaintiff.  The defendant mortgagor defaulted in the payment of the installment due April 29, 1925, whereupon the plaintiff, electing to declare the entire amount to be due, brought this action.

The answer admits the terms of the mortgage as set forth in the complaint.  As a defense it is alleged " that on or about the 29th day of April, 1925, the plaintiff at the request of the defendant Miroth Construction Company, Inc., agreed to wait until the 15th day of June, 1925, for the installment and interest on the mortgage referred to in the plaintiff's complaint as due on April 29th, 1925." Tender of the installment on or before June 15, 1925, is also pleaded.

At Special Term it was held that there was no consideration for the plaintiff's promise and that there was no equitable estoppel.

Although this pleading does not allege consideration for the extension of time, nevertheless it does set up facts which, if true, would preclude the plaintiff from declaring the whole amount due against a defendant relying thereon.  If plaintiff misled the defendant by such a representation, to the effect that the time to pay was to be extended, he may not thus take advantage of him by declaring the whole mortgage due.  It would be contrary to equity and good conscience to allow such a result.

The principle of equitable estoppel which applies in this case is well stated in *Underwood* v. *Farmers' Joint Stock Ins. Co.* (57 N. Y. 500).  The court there held that while the party bound to perform has still time and opportunity for so doing, if something be

said or done by the other party by which the former is induced to believe that the condition is waived or that strict compliance will not be insisted upon, the latter is estopped from claiming non-performance of the condition; but an estoppel cannot be founded on facts occurring after forfeiture of the contract, because of non-performance.

In *Rothschild* v. *Title Guarantee & Trust Co.* (204 N. Y. 458) the court said: " It is not necessary that an equitable estoppel rest upon a consideration or agreement or legal obligation. The courts apply it, in accordance with established general principles, in order that the transactions and dealings may result justly and fairly with the parties concerned with them; and it operates against an unjust repudiation of a sealed or a forged instrument. It does not require the positive, distinct action or language needed and intended to renew and ratify a transaction and make it valid and binding; *it prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice.*"

The effect of the estoppel should be limited to placing the parties in the same relative position in which they would have been were the representation made good.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.