IDA ENGLANDER, Respondent, Appellant, *v.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant, Respondent, Impleaded with RELAY MOTOR TRUCK CORPORATION OF NEW YORK, Defendant.

Third Department, May 13, 1931.

*Isadore Rothenberg,* for the plaintiff.

*Frederick T. Case,* for the defendant Springfield Fire and Marine Insurance Company.

WHITMYER, J. Plaintiff moved to strike out the defendant insurance company's first, second and fourth separate defenses as insufficient in law, and the third on the ground that it does not state facts sufficient to constitute a cause of action.

All were stricken out except the third and the insurance company is appealing from the order so far as it strikes out the first,

second and fourth, and plaintiff is appealing therefrom so far as it refuses to strike out the third.

The insurance company had issued a fire insurance policy, effective for one year from May 30, 1930, to the Uneeda Motor Bus Co., Inc., and to the defendant Relay Motor Truck Corporation of New York, insuring them, in an amount not exceeding $4,000, against loss or damage by fire to a Garford bus.

It was burned on July 26, 1930, and, the complaint alleges, was substantially destroyed.

Upon the insurance company's refusal to pay, this action was commenced by plaintiff, to whom the policy had been assigned.

The separate defenses are: *First*, that the policy is void, because the bus was incumbered by a chattel mortgage; *second*, that there was no consideration for the policy, because the premium was not paid; *third*, that an alleged adjustment relied upon by plaintiff was procured and induced by material misrepresentations and concealments; and *fourth*, that there was a breach of warranty as to the purchase price and the time of purchase of the bus.

The order was made on the theory that the action is on the adjustment and not on the policy.

It is on the policy. (*Steinberg* v. *Boston Ins. Co.*, 144 App. Div. 110.)

The complaint contains all of the allegations appropriate to such an action and it would be necessary to treat most of them as surplusage if it is on the adjustment.

The allegations that the insurance company adjusted the loss at $3,129; accepted the remains of the bus; prepared and caused proofs of loss to be executed; received and accepted same, and promised and agreed to pay the sum of $3,129, do not show a new and independent contract. There is no allegation that plaintiff agreed to accept. Nor was the policy surrendered and canceled.

According to the complaint, the actual damage was $3,129, which the company agreed to pay, and what was done was nothing more than to ascertain and fix the loss in accordance with the provisions of the policy.

The acceptance and retention of the proof of loss, without objection, amounted to nothing more than a waiver of defects in the proof of loss, and not to a waiver of an invalidity in the policy, not known to the insurer. (*Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394, 407; *Gray* v. *Germania Fire Ins. Co.*, 155 id. 180, 184.)

It follows that the separate defenses are good as matters of pleading, except the second as to non-payment of the premium, for which the insurer has a right of action and is claiming as a setoff in its partial defense.

Therefore, the order should be reversed as to the first and fourth separate defenses and affirmed as to the second and third, with ten dollars costs and disbursements.

All concur, except HILL, J., who dissents and votes for affirmance.

Order modified by denying the motion as to the first and fourth defenses, and as so modified affirmed, with ten dollars costs and disbursements to the defendant, appellant.