Arthur D. Brennan, J.
The plaintiffs herein move for summary judgment in this action brought against the Empire Mutual Insurance Company wherein the said plaintiffs seek to recover: (1) the sums of $304 and $28 alleged to be respectively due to each of them under the terms of an indorsement to an automobile liability insurance policy (issued by the defendant) and by which indorsement the plaintiffs were insured for reasonable medical expenses (not exceeding $500 for each person) incurred within one year from the date of an automobile accident causing injury to the insured or other occupants of his vehicle; *397 and (2) an unliquidated sum alleged to be due to each of them under the terms of another indorsement (to the same policy) by which each of the plaintiffs were insured for such damages (not exceeding $10,000 to each person) as he or she would be legally entitled to recover from the owner or operator of an uninsured automobile because of personal injuries sustained by each of them in an accident with such uninsured vehicle, provided that said accident was caused solely by the negligence of the owner or operator of the last-mentioned vehicle.
Considering first, the second above claim it appears that the subject indorsement provided, among other things, that if the insured (or other occupant of the insured automobile) and the defendant failed to agree as to the amount due for the injuries sustained, the claimant and the insurance company should, on written demand therefor made by either party within a certain time, select an appraiser; that the two appraisers should then select an umpire within 30 days and if the appraisers failed to agree upon such umpire within said period, then either party was free to apply to a judge of a court of record (within a certain county) for the appointment of said umpire; that the two appraisers were then to appraise the amount due the claimant but if they failed to agree, their differences were to be submitted to the umpire and written award made by one of the appraisers and the umpire should constitute a determination of the amount due the claimant. This indorsement also provided that no action should lie against the defendant unless the insured or other occupant first complied with the first afore-mentioned provisions.
Although the accident which resulted in the above claims occurred on May 30, 1956, none of said claims have been paid and the opposing papers do not, in any wise, dispute the reasonableness of the medical expenses nor do they assert that the subject accident was not caused solely by the negligence of the owner or operator of the uninsured automobile which, it is stated, ran into the rear of the insured’s vehicle. It also appears that the plaintiffs diligently notified the defendant of their claims and furnished the necessary proofs of claim together with certain other information required or requested by the defendant but their claims were not paid. On October 24, 1957, these plaintiffs, by their attorney, then advised the defendant that the appraisal called for in the indorsement should proceed, that they were ready to select and appoint an appraiser, and that the defendant should select and appoint its appraiser for said purpose. The defendant did not respond to this advice and *398 demand and after the lapse of 24 days this action was commenced on November 18, 1957.
In its opposition to the subject phase of this motion for summary judgment, the defendant’s counsel vigorously contends that: (a) the plaintiffs have not complied with the aforesaid appraisal provisions of the said indorsement; and (b) that the plaintiffs sole remedy herein is to institute a proceeding under article 84 of the Civil Practice Act to compel the defendant to proceed with the appraisal called for in the indorsement. With the latter contention, this court does not agree. In this court’s view the principles enunciated by our Court of Appeals with respect to similar appraisal provisions contained in fire insurance policies should and do apply, with equal force, to the subject indorsement. In Matter of Delmar Box Co. (Ætna Ins. Co.) (309 N. Y. 60), it was held that similar provisions for appraisal do not constitute an agreement for arbitration and are not specifically enforcible under article 84 of the Civil Practice Act which applies to contracts for arbitration. So, too, it has been held that similar provisions for appraisal constitute a condition precedent to the right of action and if the same are not complied with by the claimant, he is prevented from maintaining an action at law on the policy. (Silver v. Western Assur. Co., 164 N. Y. 381.)
However, it has also been held that where the insured or other claimant proceeds diligently and in good faith but the insurance company fails or refuses so„ to do, so as to defeat the real object of the appraisal clause, then the insured or other claimant is absolved from compliance with said condition precedent and he may then proceed with his action on the policy. (Cf. Uhrig v. Williamsburg City Fire Ins. Co., 101 N. Y. 362.)
In the case at bar, the indorsement does not state or fix any period of time within which the defendant, upon demand made therefor, shall select and appoint an appraiser. In such a case, a reasonable time is implied by law to be the intention of the parties. (Matter of Levy, 169 Misc. 785, 790; Boehm v. Lies, 18 N. Y. S. 577, affd. 138 N. Y. 609.) Although the complaint properly alleges that the plaintiffs have performed all of the conditions of the subject indorsement except insofar as the same have been waived, excused or prevented from performance by the defendant, yet said allegations are denied in the answer, and upon a consideration of all of the papers submitted hereon, this count is of the opinion that the question of whether or not, under all the existing and surrounding circumstances, the defendant by neglecting or refusing, for a period of 24 days, to select *399 and appoint an appraiser failed to comply with the plaintiffs’ demand within a reasonable time or by so doing acted in bad faith so as to defeat the real object of the appraisal clause, constitutes an issue which may only be resolved upon a trial.
With respect to the plaintiffs ’ claims for the afore-mentioned medical expenses under the first above-mentioned indorsement, this court is of the view that the opposing affidavit presents no valid reason or ground why the same are not due or why the same should not have been paid.
Accordingly, the motion is granted to the extent that the plaintiffs have partial summary judgment for all of said medical expenses with appropriate interest thereon and the action is severed and continued as to those causes of action (alleged in the complaint) which are based on the second above indorsement.
In view of said severance and continuance, the plaintiffs may not have costs on the partial summary judgment herein granted. (See Honegman v. Brodesky, 130 N. Y. S. 497 and eases cited, p. 499).
Settle order on notice.