G. Robert Wither, J.
Upon the trial of this action before me without a jury, counsel stipulated the case into the record. There are 11 exhibits, one of which, Exhibit 2, consists of an examination before trial of the plaintiff and his insurance agent, Salvatore J. De Simone.
It appears that the plaintiff was a builder and real estate investor and that in June of 1955 he acquired rental property at Nos. 759-761 Genesee Street, Rochester, New York, upon which there were two policies of fire insurance in the amount of $12,000 and $18,000, expiring in April and May, 1956, respectively. There was a mortgage upon the property held by the defendant Cortland Savings Bank, and the original fire insurance policies were held by it as mortgagee and copies of them were later delivered to the agent Mr. De Simone. Mr. De Simone was plaintiff’s insurance agent for all of his properties, and it appears that plaintiff left it to him to place plaintiff’s fire insurance in such company or companies as he wished. Plaintiff also left it to his agent to place insurance on the subject premises in accordance with the agent’s “ total appraised value ” thereof ; and he instructed the agent to attend to the renewals of the existing policies.
In 1956 Mr. De Simone was agent for both of the defendant insurance companies. In April of 1956 he rewrote the two policies of $12,000 and $18,000 above referred to, placing them with the defendant South Carolina Insurance Company, and he attached the appropriate mortgagee clause to each of them and delivered them to the mortgagee. Later in April he was advised by defendant South Carolina Insurance Company that it did not wish to carry the $18,000 policy; and it asked him to write it in another company. Upon receiving the memorandum of such advice and request from South Carolina Insurance Com *591 pany Mr. De Simone wrote thereon what appears to be an office note, as follows: £ 1 Pull policy on this and give to Republic ’ ’, and he wrote upon his office memorandum of the $18,000 South Carolina Insurance Company policy, #50-5187, the word ££ cancelled.” A new policy for $18,000 was then written in defendant Republic Insurance Company with appropriate mortgagee clause attached, and it was delivered to the defendant mortgagee. Neither the insurance agent nor the defendant South Carolina Insurance Company gave notice to plaintiff or to the mortgagee of cancellation of said company’s $18,000 policy, and they permitted it to remain in the mortgagee’s possession. In fact I do not find that defendant South Carolina Insurance Company or the agent ever notified plaintiff of the company’s request to cancel its $18,000 policy, nor of the agent’s action in canceling it and rewriting it in defendant Republic Insurance Company. I do find, however, that plaintiff left to his agent full reasonable discretion as to the amount of insurance to be placed upon the building and never told him to place more than $30,000 of insurance thereon; that the agent intended to keep the building insured for only $30,000; and that plaintiff’s intent in this respect under the circumstances is presumed to be that of his agent.
It further appears that plaintiff was building a house for his insurance agent Mr. De Simone, and that the latter rendered no bill to plaintiff for insurance premiums but instead paid the premiums himself and took credit therefor against plaintiff’s charges for the house. Taking into consideration all of the evidence, including Exhibit 2 (p. 108), I find that there is no evidence that the agent gave plaintiff advice with respect to insurance premium charges from which plaintiff should reasonably have been put upon notice that the $18,000 South Carolina policy was not in force.
On March 8, 1957 plaintiff’s said premises were damaged by fire to the extent of $20,168.97. He then communicated with his agent, Mr. De Simone and was told at first that he had $18,000 of insurance, then was told that he had $30,000 of insurance, and a week later he was told that he had $48,000 of insurance.
Plaintiff thereafter and on or about April 26,1957 filed proofs of loss under each of the three policies, demanding 18/48ths of his loss or the sum of $7,563.36 from defendant Republic Insurance Company and 30/48ths of his loss or the sum of $12,605.61 from the defendant South Carolina Insurance Company. Defendant Republic Insurance Company tendered to plaintiff *592 its check in such proportionate amount of tho loss as demanded, upon condition that plaintiff execute and deliver a general release to it, but plaintiff has refused to accept the tender under such condition. Defendant South Carolina Insurance Company rejected plaintiff’s claims, contending that its liability was limited to 12/30ths of the loss or the sum of $8,067.58. Thereafter under an agreement it paid to plaintiff and plaintiff accepted the sum of $8,067.58 without prejudice to his claim as originally made.
Plaintiff instituted this action to have the court determine the extent of the liability of each of the defendant insurance companies and direct payment thereof. In his amended complaint plaintiff alleges that he was billed for and paid the premiums on all three of said policies; but upon the examination before trial Mr. De Simone denied that plaintiff paid the premium on the $18,000 South Carolina policy, and plaintiff admitted that he did not pay it, so that there is a failure of proof of payment thereof.
In his amended complaint plaintiff also alleges that his loss was $20,168.97 and that defendant Republic Insurance Company had been asked to pay $7,563.36. He further alleges the tender to him of such sum by said defendant and that he “ has kept and still keeps (the draft) in abeyance pending the disposition of the dispute here involved ’ ’, and he asks for judgment against said defendant in the sum of $12,101.37 if the court finds that only two policies were in force. Upon the trial said defendant reoffered its check or draft to plaintiff for the sum of $7,563.36, this time unconditionally, but it was not accepted.
The fact that the premium on the one policy had not been paid would not affect its validity (Englander v. Springfield Fire & Marine Ins. Co., 232 App. Div. 463; Healy v. Insurance Co., 50 App. Div. 327; McLean v. Tobin, 58 Misc 528, Seabuby, J.).
In Rose Inn Corp. v. National Union Fire Ins. Co. (258 N. Y. 51, 54) the court said: “ It is a principle of almost universal acceptance that where an assured has applied for insurance to an agent, having authority to write policies for many companies, has left to the agent the selection of the companies, with instructions to maintain the insurance in an amount stated, and the agent has undertaken so to act, the agent, upon notice from his companies to cancel, has power to waive for the assured the live-day period of cancellation, to cancel the policies at once, and immediately to write new policies in other companies for the assured, so that the new policies become at once effective.” (And see, likewise, Jackson v. Fire Assn. of Philadelphia, 13 N. Y. St. Rep. 257, affd. 122 N. Y. 665.)
*593 This principle of law applies here. Mr. Do Simone was an agent authorized to write policies for three companies, and the plaintiff left to him the selection of the companies. Plaintiff’s instructions were not to maintain the insurance in a stated amount, but to keep the property insured in accordance with the agent’s “ total appraised value.” The evidence is that the agent, acting for plaintiff, intended to maintain $30,000 of insurance on the premises, as authorized. As between the agent and plaintiff, the agent had the power to cancel without notice the $18,000 policy of defendant South Carolina Insurance Company and rewrite it in defendant Republic Insurance Company, so that the latter became effective at once and the former became a nullity at once.
Without doubt defendant Republic Insurance Company is entitled to the benefit, pro rata, of all of plaintiff’s insurance coverage on the subject premises, but it has no greater right than has the plaintiff to insist upon the existence of other insurance. It is noted that under the facts of this case the acts of the company and agent did not affect any right of the mortgagee under its separate contract mortgagee clause, and so the different contract rights of the mortgagee need not be considered herein. (See Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N. Y. 403; Howe v. Mill Owners Mut. Fire Ins. Co., 241 App. Div. 336.)
We turn now- to the matter of the plaintiff’s rights as against the defendant Republic Insurance Company in view of his proof of loss and demand for $7,563.36 against it, and his amended complaint herein, particularly paragraph Ninth, Tenth and Twelfth. In this connection it is pertinent to determine the effect of plaintiff’s owni apportionment of the loss. It has been held that where a plaintiff claims that all policies are in force and, with knowledge that there was no real increase in the amount of insurance, claims the additional policy to be valid and in force, he will be bound thereby, even though it is found that the additional policy wras not in force. (Beiermeister v. City of London Fire Ins. Co., 15 N. Y. S. 433, affd. 133 N. Y. 564.) In this case plaintiff has come perilously close to falling into the principle of this latter decision. However it appears that plaintiff had reasonable grounds to be in doubt as to the extent of his coverage.
Reading plaintiff’s amended complaint as a whole, and taking into consideration all of the evidence, including plaintiff’s apparent good faith and his refusal to accept Republic’s check upon condition that he release it completely, I think it must be concluded that plaintiff has tried to protect himself from a dis *594 pute between the two defendant insurance companies rather than to agree with either of them as to the amount of insurance in force, and that it would be doing an injustice to suffer him to be tripped in the technical mazes of insurance law and procedure.
The proofs of loss clearly apprised each defendant insurance company of plaintiff’s loss. The addition thereto of plaintiff’s suggestion as to the part of the loss each company should pay was a conclusion which did not bind nor prejudice the defendant companies. Proofs of loss are to be liberally construed (Glazer v. Home Ins. Co., 190 N. Y. 6, 11; Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345, 351). The evidence is that it was upon the advice of a common representative of the two companies that plaintiff submitted the proofs of loss as he did. The amended complaint left no doubt as to plaintiff’s position, and neither defendant has been prejudiced thereby.
I find that the value of the building insured by the defendant insurance companies was not in excess of $35,000, and that plaintiff had at least 80% insurance coverage and is entitled to recover the full amount of his loss. Plaintiff therefore was entitled to receive from defendant South Carolina Insurance Company 12/30ths of his loss or the sum of $8,067.58. Since under an agreement said defendant has paid plaintiff such sum, the amended complaint herein is dismissed as to it, without costs.
Judgment is granted to plaintiff declaring his rights in accordance with this decision, and awarding judgment for the plaintiff against the defendant Republic Insurance Company to the extent of 18/30ths of his loss or in the sum of $12,101.37 plus interest from April, 1957 and the costs of this action.
Since the mortgagee did not participate in the trial herein and by its answer merely joined in plaintiff’s prayer for relief, it is assumed that it has no present interest in this action.
This memorandum shall constitute the decision of the court under section 440 of the Civil Practice Act.