Charles Margett, J.
Cosmopolitan Mutual Casualty Company of New York (hereinafter referred to as “ Cosmopolitan ”) issued to Frank Schiller (hereinafter referred to as the “insured”) a motor vehicle liability policy containing an indorsement providing benefits up to the sum of $10,000, on account of bodily injury or death caused by uninsured automobiles. Said indorsement provides in pertinent part as follows:
“ 1. Damages for Injuries or Death Caused by Uninsured Automobile.
“ To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by the insured, caused by accident while this endorsement is in force, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, that for the purposes of this endorsement the accident causing such injury shall be deemed to have resulted from the negligence of such uninsured owner or operator without the negligence of the insured in any way contributing thereto and the amount of damages the insured is entitled to recover hereunder shall be fixed by agreement between the insured and the company, or, if such agreement proves impossible, by appraisal. * * *
“ 5. Appraisal
“ If the insured and the company fail to agree as to the amount due the insured because of bodily injury, sickness, disease or death within the terms of this endorsement, each shall, on the written demand of either, made within 180 days after receipt of proof of loss by the company, select a competent and disinterested appraiser, and the appraisal shall be made at a reasonable time and place. The appraisers shall first select *208 a competent and disinterested umpire, and failing for 30 days to agree upon such umpire, then, on the request of the insured or the company, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. The appraisers shall then appraise the amount due the insured because of bodily injury, sickness, disease or death within the terms of this endorsement, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount due the insured within the terms of this endorsement. The insured and the company shall each pay his or its chosen appraiser and shall bear equally the other expenses of the appraiser and the umpire.
“ The company shall not be held to have waived any of its rights by any act relating to appraisal.”
On February 14,1956, the insured sustained personal injuries as a result of a collision between his motor vehicle and an uninsured automobile. He filed with Cosmopolitan, in accordance with the aforesaid indorsement, written proof of claim and submitted to a physical examination by its physician. Thereafter the insured and Cosmopolitan each selected an appraiser in accordance with the “ appraisal ” provision of the indorsement. Upon the failure of the two appraisers to select an umpire the insured moved this court, on notice to Cosmopolitan, “ for an order directing that the Court appoint a third and/or impartial umpire herein ”. This motion was unopposed and by order dated August 8, 1958, this court appointed an attorney ‘ ‘ as the third appraiser and/or impartial umpire herein.” Although no action on the indorsement was ever instituted by the insured, he designated himself as “ plaintiff ” and Cosmopolitan as “ defendant ” in the application for the appointment of “ the third appraiser and/or impartial umpire.”
The three appraisers thereafter met and conducted a hearing at which two physicians appeared as witnesses for the insured and one as a witness for Cosmopolitan. On August 10, 1959, the umpire made a verified written report awarding the sum of $10,000 to the insured to be paid by Cosmopolitan and fixing his compensation in the sum of $500 to be paid equally by the insured and Cosmopolitan. A similar written award, verified however on August 11, 1959, was made by the appraiser designated by the insured. The appraiser designated by Cosmopolitan made a written report dated August 3, 1959, in which he concluded that $1,000 would be reasonable, fair and adequate compensation for the insured’s injuries, pain, suffering and any expenses he incurred as the result of the accident in which he was involved on February 14, 1956. The insured has now *209 moved in the proceeding which resulted in the appointment by the court of the third appraiser and/or impartial umpire above described “ for an order confirming the award * * * and for a direction to the County Clerk’s Office to enter judgment on said award in the amount of ten thousand ($10,000.00) dollars”.
Cosmopolitan opposes this application upon the ground that no legal basis exists therefor. It urges that the caption in this matter is misleading and unwarranted since no action has ever been commenced nor is pending in this court in which the insured is ‘ ‘ plaintiff ’ ’ and Cosmopolitan is ‘1 defendant ’ ’; that upon the entry of the order dated August 8, 1958, appointing ‘1 the third appraiser and/or impartial umpire ’ ’ herein the jurisdiction of this court terminated; and that the 1 ‘ appraisal ’ ’ conducted pursuant to the indorsement was not an arbitration under article 84 of the Civil Practice Act nor was the indorsement, pursuant to which the appraisal was conducted, an arbitration clause.
Arbitration “ is a contractual method for settling disputes in which the parties create their own forums, pick their own judges, waive all but limited rights of review or appeal, dispense with the rules of evidence, and leave the issues to be determined in accordance with the sense of justice and equity that they may believe reposes in the breasts and minds of their self-chosen judges.” (Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714-715, affd. 309 N. Y. 709.) “ No one is under a duty to resort to arbitration unless by clear language he has so agreed.” (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132.) As was stated in Matter of Riverdale Fabrics Corp. (Tillinghasi-Stiles Co.) (306 N. Y. 288, 289): “The rule is that a party is not to be compelled to surrender his right to resort to the courts, with all of their safeguards, unless he has agreed in writing to do so. (Matter of Philip Export Corp. [Leathertone, Inc.], 275 App. Div. 102, 104), and by clear language (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132). Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action (Civ. Prac. Act, § 1448), ‘ the agreement to do so will not be extended by construction or implication ’ (Western Assur. Co. v. Decker, 98 F. 381, 382).”
No clause providing for the disposition by arbitration of the entire controversy between Cosmopolitan and the insured is contained in the indorsement, pursuant to which Cosmopolitan assumed liability to the insured under the terms thereof. Nor is it claimed that the parties executed a separate submission *210 for such disposition. The parties merely agreed that “the amount of damages the insured is entitled to recover ” under the indorsement “ shall be fixed by agreement between the insured and the company, or, if such agreement proves impossible, by appraisal.” Clearly, the purpose of such appraisal was to determine only the amount of damages. The appraisal clause itself provided: “ An award in writing of any two [of the appraisers designated by each party and the umpire] shall determine the amount due the insured within the terms of this endorsement” and that “ The Company shall not be held to have waived any of its rights by any act relating to appraisal.”
The appraisal clause in the indorsement, as already noted, was merely to determine the amount of damage and does not constitute a submission to arbitrate the entire controversy between the parties upon which judgment may be entered after judicial confirmation of the arbitration award. (Matter of Dalmar Box Co. [Ætna Ins. Co.], 309 N. Y. 60; Steinberg v. Boston Ins. Co., 144 App. Div. 110, 112; Williams v. Hamilton Fire Ins. co., 118 Misc. 799.) The fact that the policies involved in the authorities last cited were standard fire insurance policies does not distinguish them from the facts at bar, in view of the similarity of the appraisal clauses.
In light of the foregoing views, the motion to confirm the alleged award and to direct the entry of jugment thereon is denied. Since no provision for specific enforcement of Cosmopolitan’s liability is contained in the indorsement, the insured’s remedy is to institute a plenary action against Cosmopolitan to recover the amount of damages fixed by the appraisers herein in accordance with the appraisal clause contained in the indorsement.
The provisions of article 17-A of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, § 600 et seq., eff. Jan. 1,1959) and the amendment of section 1448 of the Civil Practice Act, effective September 1, 1959 (L. 1959, ch. 232) are, of course, inapplicable to this controversy which arose out of an indorsement antedating these enactments.
Settle order.