Mario Pittoni, J.
This is an action for declaratory judgment brought by the insurer (hereinafter called “the company ”) to determine whether it is obliged to proceed with arbitration of a claim under a so-called uninsured driver indorsement of a liability policy.
*1074 On January 1, 1957 the insured defendant was injured when his vehicle collided with two others, one owned and operated by Joseph Matthews and the other owned and operated by Ramon Negron, and while Matthews was pushing Negron’s car. At the time of the accident Negron carried no liability insurance and, therefore, was an uninsured driver. The company received notice of this accident two days later from the insured.
On February 13, 1957 the insured sued Matthews, and on March 25, 1958 settled this action against Matthews for $1,500. He thereupon released Matthews of any claim that the insured might have against Matthews, but reserved his rights against all others.
In the meantime, on March 14, 1958 the insured’s attorney notified the company by mail that Negron was not insured and made claim for coverage under the uninsured driver’s indorsement. Later, on April 19, 1958 the insured executed a proof of claim on a form forwarded by the company; and to one of the questions, that is, as to whether the insured had settled with any party involved in the accident, the insured’s answer was “ no * * * except as to a third party who was also responsible ”. On April 30, 1958 this proof of claim reached the company.
Settlement talks thereafter took place between attorneys for the company and the insured. On May 7, 1958 the insured appointed an appraiser, and some time prior to July 17, 1958 the company also appointed one. In the meantime, on May 10, 1958 the company had appointed a physician to make a physical examination of the insured. Both sides conducted examinations before trial; and also between March 17, 1958 and the commencement of this action numerous telephone conversations were had between the respective attorneys. Finally, the appraisers appointed by the parties were scheduled to meet on September 19, 1958; but two days before, on September 17, 1958, the company notified the insured that it was withdrawing its appointment of an appraiser. Some time thereafter, in September, 1958, the present action was begun.
It does not appear that the company ever disclaimed liability, but instituted this action for declaratory judgment to relieve it from the obligation to proceed with arbitration without that preliminary. In this respect the company has not requested appropriate relief. The appraisal clause in the indorsement is merely to determine the amount of damages, and does not constitute a submission to arbitrate the controversy between the parties (Matter of Delmar Box Co. [Ætna Ins. Co.], 309 N. Y. 60; see, also, Matter of Ross v. Hardware Mut. Cas. Co., 13 Misc *1075 2d 739; Karasch v. Empire Mut. Ins. Co., 13 Misc 2d 395; Schiller v. Cosmopolitan Mut. Cas. Co., 20 Misc 2d 206).
The company’s present action, based upon the insured’s alleged breach of policy condition when he failed to forward a copy of the summons and complaint in the insured’s action against Matthews and in settling the case with Matthews without the company’s consent, in effect calls for a declaration of a proper disclaimer of liability. However, we have here a situation in which the company, with notice of the prior action and settlement by the insured in its possession on April 30, 1958, continued to perform numerous acts inconsistent with the conditions in the policy now relied upon, instead of asserting its right within a reasonable time.
Also, for over four and a half months the company’s actions tended to lull the insured into a sense of security that the issue would be determined by appraisers. Instead, it started the present action and has probably caused the insured’s action against Negron, the uninsured driver, to be barred by the Statute of Limitations (Civ. Prac. Act, § 49). Thus, the insured is prejudiced by the company’s conduct (Moore Constr. Co. v. United States Fidelity & Guar. Co., 293 N. Y. 119, 123-125).
The company thus is not only guilty of unreasonable delay, but its acts are inconsistent with the conditions and exclusions of its own policy by failing to disclaim within a reasonable time. All this is to the severe prejudice of the .insured. Therefore, the company is estopped from asserting noncoverage under the uninsured’s driver’s indorsement (Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co., 269 App. Div. 31, 35, 36).
In the Ashland Window case, the court said: “When an insurer wishes upon proper grounds to disclaim liability, it must inform the assured promptly of such intention and liberate the latter to make defense in his own behalf. * # * Mere delay in making a disclaimer is not enough, but where prejudice to the insured as a result of unreasonable delay in disavowing is shown by adequate proof, the insurer is estopped to assert noncoverage and becomes liable. ’ ’
The Legislature has recently amended the Insurance Law to include this principle in language as follows: “an insurer * * * shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and to the injured person or any other claimant.” (Insurance Law, § 167, subd. 8, as added by L. 1958, ch. 759, and amd. and renum. by L. 1959, ch. 649.)
*1076 Therefore, the complaint is dismissed.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment.