■ MERCHANTS MUTUAL CASUALTY COMPANY, Appellant, v. CLAUDE G. WILDMAN, Respondent.— In an action for a declaratory judgment to determine plaintiff's liability under the "uninsured automobile endorsement" on its automobile liability insurance policy issued to defendant, and to determine whether it is obliged to proceed with the arbitration of a claim under said indorsement, the plaintiff appeals from a judgment of the Supreme Court, Nassau County, rendered March 11, 1960 (and entered March 18, 1960), after a nonjury trial, dismissing the complaint and, in effect, holding that plaintiff is liable and that it is required to proceed with the arbitration of the claim. Judgment affirmed, with costs. In our opinion, plaintiff is estopped from disclaiming liability. With full knowledge of defendant's alleged breach of the policy conditions, plaintiff demanded and received: (1) a copy of the report of the defendant's physical examination in his action against one, Matthews, an insured motorist — an action which defendant had settled without plaintiff's consent; and (2) a physical examination of the defendant by its own doctor. Plaintiff had no right to such report and to such examination except under a valid policy which covered the claim then being asserted by defendant under the "uninsured automobile endorsement" based on the negligence of one Negron, an uninsured motorist. By thus proceeding plaintiff must be deemed to have waived its right to reject the claim and to be estopped from now disclaiming its liability under the policy (cf. *Draper* v. *Oswego County Fire Relief Assn.*, 190 N. Y. 12, 15; *Gibson Elec. Co.* v. *Liverpool & London & Globe Ins. Co.*, 159 N. Y. 418, 426–427; *Kiernan* v. *Dutchess County Mut. Ins. Co.*, 150 N. Y. 190, 194–195). Nolan, P. J., Beldock and Pette, JJ., concur; Brennan, J., not voting; Christ, J., dissents and votes to reverse the judgment in favor of defendant and to grant judgment in favor of the plaintiff insurer, declaring that plaintiff is not liable to defendant on its

policy under the "uninsured automobile endorsement" and that it is not required to proceed with the arbitration of the claim based on such indorsement, with the following memorandum: Under the caption "Exclusions" in the indorsement in question, it is provided in section (b) that the indorsement does not apply to bodily injury to the insured with respect to which the latter shall, without the written consent of the insurer, "make any settlement with or prosecute to judgment any action against any person * *· *· who may be legally liable therefor". Under the caption "Conditions" in the indorsement, it is provided in section 2 that if. the insured "shall institute any legal action for bodily injury * * *· against any owner of or any other person operating an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with legal action shall be forwarded immediately to the *· ·ʒ *· [insurer] by the insured or his representative". These provisions are conditions, for breach of which by the insured the latter loses his right to recover from the insurer on this indorsement (cf. *Draper* v. *Oswego County Fire Relief Assn.*, 190 N. Y. 12, 18). These conditions, together with the provisions in section 6 (under the caption "Conditions") which give plaintiff rights in the nature of subrogation as to claims the insured might have for his injuries against "the owner or operator of any automobile involved in the accident", plainly contemplate settlements with and legal actions against any owner or operator of any automobile involved in the accident, including other insured motorists *as well as uninsured motorists.* In my opinion, defendant failed to sustain the burden of proving that plaintiff, by any act or course of conduct subsequent to acquiring knowledge of his (defendant's) breach of the conditions, waived or estopped itself from asserting its right to disclaim liability on the ground of his breach of such conditions. The accident occurred on January 1, 1957. Three automobiles were involved in the accident: (1) defendant's automobile which was covered by plaintiff's insurance policy; (2) another insured automobile owned by one Matthews; and (3) an uninsured automobile owned by one Negron. Defendant commenced an action against Matthews on February 14, 1957, by service of summons and complaint. That action was settled in March, 1958. Although defendant's report of the accident reached plaintiff within two days thereafter, no notice of the action against Matthews was given to plaintiff until March or April, 1958. The summons and complaint in that action were never forwarded to plaintiff; and notice of the settlement with Matthews was not given to plaintiff before April 30, 1958, when plaintiff received defendant's executed proof of loss based upon the "uninsured automobile endorsement" on the policy. Thereafter, the following events occurred: (1) defendant's attorney submitted to plaintiff, at its request, a report of a physical examination of defendant which had been made by Matthews' insurance carrier or its physician; (2) defendant submitted himself to a physical examination by a physician designated by plaintiff; (3) each of the parties, pursuant to the policy provisions, appointed an appraiser for the purpose of appraising the amount due defendant because of his injuries; and (4) oral negotiations ensued between representatives of the plaintiff and defendant. It is undisputed that the appraisers were to meet on September 19, 1958, and that two days before such date the plaintiff withdrew the appointment of its appraiser, disclaimed liability on the policy indorsement in question, and commenced this action to determine the rights of the parties under the policy. The insurance policy contains two provisions as to waiver. Condition 23, which is part of the basic or main part of the policy and which the caption expressly declares shall "apply to all coverages," provides that the terms of the policy shall not be "waived or changed, except by endorsement issued to form a part of this policy, signed by" certain officers of the plaintiff. Condition 5 of the said "uninsured

automobile endorsement" states that the plaintiff "shall not be held to have waived any of its rights by any act relating to appraisal." Plaintiff is entitled to enforcement of the provisions of both Condition 23 and Condition 5 (cf. *Bazar* v. *Great Amer. Ind. Co.,* 306 N. Y. 481, 489; *Drennan* v. *Sun Ind. Co.,* 271 N. Y. 182; *Nothhelfer* v. *American Sur. Co. of N. Y.,* 277 App. Div. 1009, affd. 302 N. Y. 910), unless its conduct has been such as to estop it from such enforcement (*Bishop* v. *Agricultural Ins. Co.,* 130 N. Y. 488; *Sergent* v. *Liverpool & London & Globe Ins. Co.,* 155 N. Y. 349, 355; *Smaldone* v. *President & Directors of Ins. Co. of North America,* 162 N. Y. 580). To give rise to an estoppel, however, plaintiff's conduct must have misled defendant to change his position to his prejudice. In order to succeed, one who invokes the doctrine of estoppel against another must first show that, in reliance on the other's conduct, he has changed his position and would be defrauded or otherwise be prejudiced unless the other person be held to be estopped (cf. *O'Dowd* v. *American Sur. Co. of N. Y.,* 3 N Y 2d 347, 355; *Lavine* v. *Indemnity Ins. Co.,* 260 N. Y. 399, 409; *Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458, 462; *Gearty* v. *Mayor of City of New York,* 171 N. Y. 61, 72, 73; *Thomson* v. *Poor,* 147 N. Y. 402, 409; *Underwood* v. *Farmers' Joint Stock Ins. Co.,* 57 N. Y. 500, 504–506; *Shapley* v. *Abbott,* 42 N. Y. 443, 447–448; *Ashland Window & Housecleaning Co.* v. *Metropolitan Cas. Ins. Co.,* 269 App. Div. 31, 36; *Black Star Line* v. *Baltica Ins. Co.,* 220 App. Div. 434, 438; *Firestone* v. *Miroth Constr. Co.,* 215 App. Div. 564, 565–566). It is important to observe that here no claim is made that the insured (defendant) lost a right because of any action by plaintiff, the insurer. The fact is, of course, that defendant had lost his rights under the "uninsured automobile endorsement" solely by reason of his own breach of the policy conditions committed by him *prior* to any of the acts of the plaintiff upon which he now relies. The acts of the plaintiff did not take those rights from him. He is, nevertheless, seeking to take from the plaintiff the rights it acquired by virtue of his breach. While I have no doubt that the acts of plaintiff were such as to lead defendant to believe that plaintiff would not disclaim liability, I find on this record that such acts did not in any way mislead or prejudice defendant by either causing him to lose any right which he had against plaintiff or against Negron (the uninsured motorist) or by making more difficult the enforcement of any such right. The fact is that when the plaintiff advised defendant that it would not pay, the Statute of Limitations against Negron had not yet run; defendant still retained intact his complete remedy against Negron. Indeed, the defendant himself must have recognized this, for he did not in his answer to the complaint assert any change of position or prejudice. In other words, in reliance on plaintiff's conduct defendant did nothing and omitted nothing which impaired his rights or prejudiced his remedies. At the time plaintiff disclaimed liability, defendant was still in the same position; he could have proceeded to enforce his rights against Negron. Under such circumstances the doctrine of estoppel cannot be invoked to annul a right which would otherwise be available (see cases last cited). The learned Justice at Special Term, in his opinion in the case at bar (*Merchants Mut. Cas. Co.* v. *Wildman,* 21 Misc 2d 1073, 1075), recognized and agreed with the principle of law last stated, namely: that in the absence of prejudice there can be no estoppel. However, he found: (1) that plaintiff's inconsistent conduct and the consequent delay have "probably caused the insured's [defendant's] action against Negron, the uninsured driver, to be barred by the Statute of Limitations;" and (2) that such conduct and delay have operated "to the severe prejudice of the insured" (the defendant). In my opinion, for the reasons already stated, these findings are not supported by the record, and contrary findings must be made. [21 Misc 2d 1073.]