Mario Pittoni, J.
Plaintiff insurer (hereinafter called the “Company”) demands judgment permitting it to withdraw from the defense of a lawsuit brought by John Amatulli, an injured person, against the insured, Robert Kay, in respect to an accident which occurred January 21, 1962, and permitting it to disclaim the obligation to defend or to satisfy any judgment recovered by Amatulli against Kay because of Kay’s failure to co-operate with the Company.
Although the Amatulli-Kay accident occurred January 21, 1962, the Company received no notice of the accident from anyone until October 24,1963 when it received a demand letter dated October 15, 1963 from Amatulli’s present attorney.
Amatulli’s attempt to show that the Company got prior notice from his earlier attorney lacked legal sufficiency. Amatulli gave no explanation for his failure to call his prior attorney as a witness to show what notice he gave the Company, and the records of the Company fail to show any notice or any other correspondence concerning the accident prior to October 24, 1963. Amatulli merely testified that he saw a letter dated April 26, 1962, addressed to the Company, that his prior attorney had moved to Rochester, New York, and that before he did so this attorney gave Amatulli his file with a suggestion that he turn it over to another lawyer. All this was not enough to prove prior notice to the Company.
In the meantime, on October 19, 1963, Amatulli served Kay by serving the Secretary of State and by sending a copy to the Company. On February 4,1964 the Company served its answer and demanded a bill of particulars.
Also, in the meantime the Company tried to find Kay. On October 26, 1963, the Company assigned a staff adjuster to locate Kay, but without success. On January 31, 1964 and February 4, 1964, the Company wrote to Kay at all known addresses, but the letters were returned “Unknown”. On February 5, 1964 the Company received a letter from the Free-port-Hempstead agency, which had placed the policy for Kay, stating that it hfid no record of the accident or of the case in its *1088 files. Thereafter, on March 24, 1964, and again on June 24, 1965, the Company retained outside investigators to find Kay, but after intensive searches and following all leads, such as previous addresses, board of election and postoffice records, and also merchants’ and tax lien files, Kay still could not be found.
On July 2, 1964 the Company moved to withdraw from the defense of the Amatulli v. Kay action, but the motion was denied on December 1, 1964, with leave to renew.
On February 1, 1965 the Company started the present action against Amatulli and Kay. Amatulli duly served his answer.
On March 16, 1965 Amatulli served the Company with a bill of particulars in his action against Kay. On July 26, 1965 the Company, in the Amatulli v. Kay action, notified Amatulli to serve his note of issue for trial, pursuant to CPLR 3216, or the Company would move to dismiss that action for failure to prosecute.
The present suit by the Company against Kay and Amatulli for permission to disclaim is now before me for decision.
The failure of the insured, Kay, to give the Company notice as soon as reasonably possible, and the failure of Kay to co-operate with the Company, nothing else being shown, permit the Company to disclaim and to vitiate the policy against the insured and the injured person, Amatulli. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127; Rushing v. Commercial Cas. Ins. Co., 251 N. Y. 302; Haas Tobacco Co. v. American Fid. Co., 226 N. Y. 343; Shalita v. American Motorists Ins. Co., 266 App. Div. 131; Insurance Law, § 167.)
However, the company, in cases such as this, must make reasonable efforts to find the insured (Kehoe v. Motorists Mut. Ins. Co., 20 A D 2d 308; Wallace v. Universal Ins. Co., 18 A D 2d 121). In this case, the Company did make reasonable efforts to find the insured, and the insured, by absenting himself as he did after the accident, failed to co-operate. And, again, nothing further being shown in favor of the insured or the injured person, the Company would have the right to disclaim and to have the policy vitiated.
The Company, too, was required to give written notice of its disclaimer promptly and within a reasonable time to the insured or to the injured person or other claimant (Appell v. Liberty Mut. Ins. Co., 22 A D 2d 906 [2d Dept.]; Merchants Mut. Cas. Co. v. Wildman, 21 Misc 2d 1073, affd. 12 A D 2d 664, affd. 9 N Y 2d 985; Insurance Law, § 167, subd. 8), and if the affected person was prejudiced by the Company’s unreasonable delay in disclaiming there is an estoppel against the company from successfully asserting its disclaimer (Appell v. *1089 Liberty Mut. Ins. Co., supra; Merchants Mut. Cas. Co. v. Wildman, supra).
It appears, therefore, that we have the preliminary facts to warrant the Company’s disclaimer because of the insured’s failure to co-operate or to notify the Company of the accident, accompanied by the Company’s reasonable efforts to find him. But we also find the Company delayed and perhaps lulled Amatplli in some of its actions, such as its demand for a bill of particulars and a demand that Amatulli file a note of issue in the Amatulli v. Kay action or be subject to a motion to dismiss for lack of prosecution.
Although the Company’s actions and delay may have been unreasonable and may have lulled Amatulli into feeling that he could eventually collect against the Company, that did not constitute a waiver, because as early as July 2, 1964 the Company moved to withdraw from the defense of the Amatulli v. Kay action, and the company’s other movements and proceedings thereafter were clearly to protect itself and its rights in that action, should its attempt to disclaim fail.
Be that as it may, Amatulli has failed to show any prejudice to it because of the Company’s dilatory and lulling tactics. In the Merchants case, I was presented with a similar situation, but both in the Merchcmts case and in the Appell case estoppel against the insurer was reasonable and warranted because the insurer’s delay in disclaiming prejudiced the insured and the injured person. Here, no prejudice has been shown.
I am aware of the Appellate Division’s opinion in the Merchants case (12 A D 2d 664) in which it stressed waiver by and estoppel against the insurer because it demanded and obtained a copy of the insured’s physical examination in another action and a physical examination by its own doctor. However, Draper v. Oswego Co. Fire Relief Assn. (190 N. Y. 12, 15, 17), one of the cases cited for that ground, states that the insured could defeat the insurer’s denial of liability only by showing that the insurer had performed “ some action or conduct which had misled the plaintiffs to their injury”. (Italics supplied.) And Gibson Elec. Co. v. Liverpool & London & Globe Ins. Co. (159 N. Y. 418, 426-427), also cited by the Appellate Division in the Merchants case, emphasized that the person claiming estoppel or waiver had the burden of proving it.
Therefore, the Company did not waive its right to disclaim, and estoppel against it is not warranted because Amatulli has failed to show that he has been prejudiced. Furthermore, the attorneys for the Company and Amatulli in their oral arguments agreed that if I decided that the Company could disclaim, *1090 Amatulli would.then have the right to file a.claim with the Motor Vehicle Accident Indemnification Corporation (Insurance LdV, § 167) suhd. 2-a and § 600 et al.).
Therefore, judgment is rendered in favor Of the plaintiff Company for the relief requested in its complaint: