■ In the Matter of the Arbitration between CNA INSURANCE COMPANIES, Respondent, and CATHERINE GRANDSTAFF, Appellant.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order and judgment of the Supreme Court (Kelly, J.), entered December 12, 1989 in Rockland County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On September 18, 1988 in the Town of Orangetown, Rockland County, the automobile operated by Frank Valerio in which respondent was a passenger collided with an automobile owned and operated by Adeline Ferrantello. Allstate Insurance Company, the liability insurance carrier for Ferrantello, offered to settle respondent's personal injury action against its insured for $100,000, the full amount of its policy. Respondent requested that petitioner, Valerio's liability car-

rier, consent to the settlement for underinsured coverage purposes. Petitioner refused to consent to a settlement which unconditionally released Ferrantello and did not reserve the subrogation rights as required in its policy. On August 9, 1989, respondent mailed a demand for arbitration to petitioner, claiming that it had refused payment to her on the underinsured motorist endorsement in its policy. Supreme Court granted petitioner's subsequent CPLR article 75 proceeding for judgment staying the arbitration, holding that the demand for arbitration was premature and that respondent had no arbitrable claim. This appeal ensued.

We affirm. While the insurance policy on Ferrantello's vehicle would have been exhausted upon respondent's acceptance of the settlement offer, petitioner was entitled to withhold its consent absent protection of the subrogation rights reserved in its policy (see, Weinberg v Transamerica Ins. Co., 62 NY2d 379; see also, State Farm Mut. Auto. Ins. Co. v Taglianetti, 122 AD2d 40) if, in good faith, it intended to or expected that it might exercise those rights against the entity or individuals whose insurance was being exhausted by the settlement. There has been no showing of a lack of good faith in the refusal to consent. Having thus found, we need not reach the remainder of the parties' contentions including exhaustion of applicable policies.

Order and judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.