■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and MARIA C. TAYLOR, Appellant.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered October 1, 1990 in Orange County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent sustained personal injuries in an automobile accident involving a vehicle driven by William Schenkel and insured by Hanover Insurance Company with a liability limit of $25,000 to any single claim. The insurance policy on respondent's vehicle included underinsurance coverage provided by petitioner with liability limits of $50,000/$100,000. Hanover offered to pay respondent its full policy limit but refused to accept her release which reserved petitioner's subrogation rights to proceed against Schenkel. Petitioner in turn refused to consent to the settlement and respondent then demanded arbitration on her underinsurance claim. Supreme Court granted petitioner's CPLR article 75 proceeding seeking to stay the arbitration. Respondent has appealed.

The ability of an insurance company to require that its subrogation rights against a third-party tort-feasor be protected and preserved as a condition to payment of an underinsured coverage claim presents a conundrum of major proportions. Respondent will only be able to claim underinsured coverage from petitioner if she prosecutes her suit to final judgment and is unable to recover more than $25,000 on a judgment against Schenkel. On the other hand, if respondent refuses to accede to petitioner's demand, she will forfeit her underinsured claim.

A burden is imposed upon a person seeking to settle a personal injury claim arising out of an automobile accident to establish that any release of a third-party tort-feasor does not operate to prejudice the subrogation rights of the carrier providing the underinsured benefits *(Weinberg v Transamerica Ins. Co.,* 62 NY2d 379, 382-383). Absent either such reservation in a release or the written consent of the underinsurance carrier, it is presumed that prejudice is present and the underinsured motorist claim will be precluded *(State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40). In *Matter of CNA Ins. Cos. (Grandstaff)* (170 AD2d 794) this court upheld the refusal of an insurance carrier to withhold consent to a settlement absent protection of the subrogation rights reserved in its policy. We found nothing in that record, or in the instant case, to demonstrate a lack of good faith in the refusal of the underinsurance carrier to consent. Under constraint of *Weinberg v Transamerica Ins. Co. (supra)* and *Matter of CNA Ins. Cos. (Grandstaff) (supra),* we affirm Supreme Court's order staying arbitration between the parties.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.