improperly granted with respect to the other alleged health problems of plaintiffs Briggs and Dineen.

In his verified bill of particulars, however, plaintiff Briggs averred that he did not suffer from diabetes or hypertension. Thus, plaintiff Briggs' claims for damages arising from those conditions were properly dismissed. Similarly, with respect to plaintiff Vipari's claims for injuries unrelated to his hearing loss, defendant submitted plaintiff's verified bill of particulars, in which plaintiff averred that he did not suffer from any other medical condition. Thus, plaintiff Vipari's claims for damages arising from those conditions unrelated to his hearing loss were properly dismissed.

We modify the order in the *Briggs* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action, injuries resulting from defendant's negligent assignment and injuries unrelated to his hearing loss. We affirm those parts of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred and dismissing plaintiff's claims for diabetes and hypertension.

We modify the order in the *Dineen* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action, injuries resulting from defendant's negligent assignment and injuries unrelated to his hearing loss. We affirm that part of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred. Defendant did not seek and the court did not grant dismissal of plaintiff's claim for hypertension. Therefore, that part of the order relating to plaintiff's claim for hypertension is not at issue on appeal.

We modify the order in the *Vipari* appeal by denying in part defendant's motion for summary judgment and reinstating plaintiff's claims for aggravation of his hearing loss that occurred within three years prior to commencement of the action and injuries resulting from defendant's negligent assignment. We affirm those parts of the order dismissing plaintiff's claim for sensorineural hearing loss as time-barred and dismissing plaintiff's claims for injuries unrelated to his hearing loss. (Appeals from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ John P. Dineen, Appellant-Respondent, v Consolidated

RAIL CORPORATION, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Briggs v Consolidated Rail Corp.* (190 AD2d 1047 [decided herewith]). (Appeals from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ HENRY P. VIPARI, Appellant-Respondent, v CONSOLI-DATED RAIL CORPORATION, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with same Memorandum as in *Briggs v Consolidated Rail Corp.* (190 AD2d 1047 [decided herewith]). (Appeals from Order of Supreme Court, Erie County, Wolf, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ LEE DEVEREAUX, Respondent, v AGWAY INSURANCE COMPANY, Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant's motion for summary judgment was properly denied. An insured who accepts a settlement of a claim against a third-party tort-feasor without protecting the insurer's subrogation rights or complying with the consent to settlement provision of the insurance policy generally is precluded from asserting an underinsured motorist claim against the insurer *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Matter of Nationwide Mut. Ins. Co. [Taylor],* 177 AD2d 929, *lv denied* 80 NY2d 751; *Matter of CNA Ins. Cos.,* 170 AD2d 794). Supreme Court properly concluded, however, that there are triable issues of fact regarding whether defendant acted in good faith when it delayed its consent to settlement pending investigation *(see, Matter of Nationwide Mut. Ins. Co., supra; Matter of CNA Ins. Cos., supra)* and whether defendant's delay in making its decision was unreasonable *(see, Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615; *Huth v Nationwide Ins. Co.,* 148 Misc 2d 1003; *Merchants Mut. Cas. Co. v Wildman,* 21 Misc 2d 1073, *affd* 12 AD2d 664, *affd* 9 NY2d 985). (Appeal from Order of Supreme Court, Herkimer County, Parker, J.—Dismiss Complaint.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.

■ KENNETH KUSAK, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents.—Order unanimously reversed on the law with costs and motion granted. Memorandum: On February 20, 1990, plaintiff's employment as an insurance agent for defendants was terminated. Plaintiff brought this action against defendants in February 1991, asserting six